R. HOFFIELD v. THE BOARD OF EDUCATION OF THE CITY OF NEWTON.

1. CORPORATION; *Misnomer.* If a summons is served on a corporation by a wrong name, intended to be sued, and the corporation fails to appear and plead the misnomer, and suffers judgment to be obtained, it is concluded, and in all future litigation may be connected with the action or judgment by proper averments; and when 'such averments are made and proved, the corporation intended to be named in the judgment is affected as though it were properly named therein.

2. CITY OF NEWTON; *Rights and Obligations as School District.* Prior to January 22, 1880, the association of inhabitants of the territorial school limits of the city of Newton, for public school purposes, was named and known as "School District No. 1, Harvey county, Kansas." On said date, the city of Newton was declared by the public proclamation of the governor to be a city of the second class. After that time, the public schools of said city possessed the usual powers of a corporation for public purposes, under the name and style of "The Board of Education of the city of Newton, of the State of Kansas." *Held,* That the new corporation took all the property and rights of the school district, and is liable for all of its obligations. *Held, further,* That in an action brought upon written orders issued by the school district prior to January 22, 1880, where the board of education was sued by the name of the school district, and the summons was served upon the board by delivering a copy thereof to the president of the board intended to be sued, and the board failed to appear and plead the misnomer or mistake, and suffered judgment to be obtained by default against it in the erroneous name, it is concluded; and such judgment, under proper averments made and proved, is valid against the board intended to be named in the judgment as though it were properly named therein.

## Original Proceedings in Mandamus.

THE facts in this case are as follows: For eight years prior to 1880, the city of Newton was a city of the third class; the territory within the city, together with 13½ sections of land adjacent, was duly organized as School District No. 1, Harvey county, state of Kansas. While said district was so organized, and on August 11, 1879, Thomas C. Cutler was the director, S. A. Newhall the clerk, and H. Miles the treasurer of the district, and constituted the board thereof. On August 11, 1879, while said officers were assembled as a board, they

contracted with the Buffalo Hardware Company for school furniture, and ordered the company to ship the furniture from Buffalo, New York, to them at Newton, Kansas. On the same day, the clerk and director gave two orders, in payment of the contract-price, for $423.50 each, one payable January 1, 1881, and the other January 1, 1882, each to bear interest at 10 per cent. per annum from the first day of September, 1879. Of these two orders, R. Hoffield, the plaintiff, became the owner by assignment. In pursuance of the contract and order for the furniture and transaction aforesaid, the Buffalo Hardware Company shipped from Buffalo, New York, to said school board at Newton, Kansas, said school furniture, which arrived in Newton on or about February 9, 1880, when said school board paid the freight thereon and received the same, and placed it in the school house of the district, and it has ever since been in use in said school house for school purposes. This school furniture has never been paid for. On January 22, 1880, the city of Newton became a city of the second class. No action was ever taken or proceedings ever had to attach any adjacent territory to said city for school purposes, but at the first election occurring after Newton became a city of the second class, to wit, on April 2, 1880, the electors of the territory lying outside of the city limits, and which had been a part of School District No. 1, Harvey county, elected two members of the board of education of the city of Newton, who qualified, acted and served as members of said board of education. The board thus elected was the first body ever acting in the name of "The Board of Education of the City of Newton." Their successors have been regularly elected and said positions filled ever since; the president of said board of education is from said outside territory; ever since the organization of the city of Newton as a city of the second class, the adjacent territory has been recognized as a part of said city for school purposes, by the assessment, levy, collection, and payment of taxes, the enumeration of school children and their attendance at school; the board of education of the city of Newton is a body corporate and politic, and succeeded to all

the property of School District No. 1, Harvey county. On August 16, 1882, the plaintiff brought suit in the district court of Harvey county, upon the said two orders against "School District No. 1, of Harvey county, Kansas," and caused a summons to be issued; this summons the sheriff returned with the following statement thereon: "As commanded by this writ, I summoned the within-named School District No. 1, on the 16th day of August, 1882, by delivering to R. M. Spivey, president of the school board of School District No. 1, defendant, a copy of the within summons and of the indorsements thereon." No appearance was made by anyone in defense of the action, and judgment was rendered in favor of the plaintiff and against School District No. 1, Harvey county, by default, for $1,129.34, and costs. On December 30, 1883, the plaintiff filed a petition in the district court to have this judgment corrected and the name of the board of education substituted for the school district as the judgment debtor; to this petition the board of education filed a general demurrer, which was sustained by the district court, and judgment rendered against the plaintiff for costs. This judgment has not been appealed from, and remains unreversed and in full force. R. M. Spivey, mentioned in the sheriff's return on the summons in the case of the plaintiff against School District No. 1, of Harvey county, was at that time president of the board of education of the city of Newton, the defendant herein. Said judgment of $1,129.34 against School District No. 1, Harvey county, has never been paid, nor has any tax been levied to pay the judgment, and the defendant refuses to make any levy for that purpose. On August 2, 1884, upon the application of plaintiff, an alternative writ of mandamus was issued out of this court requiring the defendant to levy a tax to pay the judgment of plaintiff against School District No. 1, or to show cause for not doing so. On September 1, 1884, the defendants filed their answer and return to the alternative writ of mandamus.

*Bowman & Bucher*, and *W. E. Lathy*, for plaintiff.

*Ady & Henry*, for defendant.

The opinion of the court was delivered by

HORTON, C. J.: On January 22, 1880, the city of Newton was declared by the public proclamation of the governor to be a city of the second class, and thereafter such city was subject to the provisions of article 11, ch. 122, Laws of 1876, relating to public schools. (Comp. Laws of 1879, pp. 846, 850.) Prior to that time, the association of the inhabitants of the territorial school limits of the city of Newton, for public school purposes, was named and known as "School District No. 1, Harvey county, Kansas." After that time, the public schools of said city possessed the usual powers of a corporation for public purposes, under the name and style of "The Board of Education of the City of Newton, of the State of Kansas." (Laws of 1876, ch. 122, § 4.) The Board of Education of the city of Newton was substantially a continuance of "School District No. 1, Harvey county," under a new name. All the property of School District No. 1 passed to the board of education of the city of Newton, and said board became subject to all the liabilities of the old corporation. In some respects, the board of education was vested with powers not conferred upon School District No. 1, but the merger of School District No. 1 into the board of education did not relieve the latter corporation from an obligation to pay the debts of the school district. Now a man or corporation may change his or its name between the time the cause of action arose and the bringing of the suit, but a corporation certainly loses none of its franchises or rights by such a change, when authorized by law. A corporation can recover by its new name a debt due before, and a creditor of the old corporation can recover his debt against the new corporation, if the latter takes all the rights, and is subject to all the liabilities of the old corporation which it supersedes or continues.

It is insisted, however, by the defendant, that the action of plaintiff commenced on August 16, 1882, against School District No. 1, and the judgment rendered therein against said school district is not valid against the board of education. We

think otherwise. A mistake was made in the name of the defendant, but the summons was served upon its president, and in legal contemplation the office he held clothed him with power to receive notice for and on behalf of the corporation; therefore the process was actually served upon the defendant and upon a person qualified to represent the defendant in respect to such service, and notice to him was notice to the corporation which he then represented. This, therefore, may be regarded as the case of a misnomer. The defendant failed to plead the mistake in abatement, or otherwise, and the judgment binds the corporation although sued by a wrong name. The rule seems to be well established, that where a corporation has taken no advantage of a variance from its name, either by plea or at the trial, it cannot arrest the judgment or reverse it on that account. (Angell and Ames on Corporations, 11th ed., 1882, §§ 650, 651; *Insurance Co. v. French,* 59 U. S. 404; *Bank v. Jaggers,* 31 Md. 38; *Bank v. Eyer,* 60 Pa. St. 436; Freeman on Judgments, § 154; *Sherman v. Proprietors of Connecticut River Bridge,* 11 Mass. 338; *Guinard v. Heysinger,* 15 Ill. 288.)

We do not think that the unsuccessful attempt made in the district court to substitute the board of education for the school district affects the original judgment. That judgment is binding upon the defendant, and the relief asked for in the subsequent proceeding may have been regarded by the district court as wholly useless and unnecessary. We perceive no injustice in requiring the defendant to pay for the school furniture which it has received and appropriated for public school purposes.

Upon the record, the agreed statements of the parties, and the evidence before us, the peremptory writ of mandamus will be awarded as prayed for.

All the Justices concurring.