ANDREAS UELAND v. ALECK E. JOHNSON and Others.

November 1, 1899.

Nos. 11,779—(70).

## Judgment—Service of Summons upon Wrong Person.

Action to enforce stockholders' liability. The summons named John Lynch as a defendant, and the complaint alleged that he was a stockholder of the corporation. The summons was personally served on John M. Lynch, the appellant herein, who was never a stockholder, and in fact was not the person upon whom the summons ought to have been served. He, however, failed to appear, and judgment was entered against him by default. *Held*, that the judgment was valid.

## Vacating Judgment upon Terms.

The trial court made its order granting appellant's motion to vacate the judgment and permit him to answer on condition that he pay $75 costs. *Held*, that the court did not abuse its discretion in imposing the condition.

Action in the district court for Hennepin county by plaintiff as receiver of Washington Bank against Aleck E. Johnson, John Lynch, and others to enforce the liability of defendant stockholders

in the bank. The summons was served on John M. Lynch, who failed to appear, and judgment was entered against John Lynch. From an order, McGee, J., granting the motion of John M. Lynch to vacate the judgment and for leave to answer on condition of payment of $75 costs, he appealed. Affirmed.

*John M. Lynch* and *Charles J. Berryhill,* for appellant.

The service and subsequent proceedings, including the judgment, were absolutely void. The statutes (G. S. 1894, §§ 5231, 5194, 5199) do not warrant institution of an action against one John Lynch by name in the summons and complaint, and service on a different John Lynch, and judgment against the latter. Savings Bank of St. Paul v. Authier, 52 Minn. 98, is the converse of this case. The fallacy lies in confusing identity of names with identity of persons. Ryan v. Tomlinson, 31 Cal. 11, 16. To ascertain the names of the parties the statute necessarily refers us to the record, and by it alone must the parties be disclosed. See Lamping v. Hyatt, 27 Cal. 99. Judgment cannot be rendered by default against one not a party to the record. 6 Enc. Pl. & Pr. 12, 13; 1 Wait, Pl. & Pr. 473, 511. This is not the case of a misnomer merely. Guinard v. Heysinger, 15 Ill. 288. See Casper v. Klippen, 61 Minn. 353; Walley v. M'Connell, 13 A. & E. (N. S.) 903; Fischer v. Hetherington, 11 Misc. (N. Y.) 575; McGill v. Weill, 19 Civ. Proc. 43; Gardner v. Kraft, 52 How. Pr. 499; Hoffman v. Fish, 18 Abb. Pr. 76; Farnham v. Hildreth, 32 Barb. 277; Williams v. Van Valkenburg, 16 How. Pr. 144. If the judgment was not void, the proceedings were so irregular as to render it abortive. Casper v. Klippen, supra.

It was an abuse of discretion to make vacation of the judgment conditional on payment of $75 costs. It was plaintiff's duty to get the right party into court. Dimond v. Minnesota Savings Bank, 70 Minn. 298. G. S. 1894, § 5267, is not applicable. Costs are the creature of statute. Kroshus v. County of Houston, 46 Minn. 162. Section 5506 does not authorize costs exceeding $10. "Terms" and "costs" are not synonymous. Brown v. Brown, 37 Minn. 128.

*A. Ueland,* for respondent.

START, C. J.

This action was brought in the district court of the county of

Hennepin against John Lynch and others to enforce their respective liability as stockholders of the Washington Bank, an insolvent corporation. The complaint alleged that the defendant John Lynch (not John M. Lynch) was the owner of six shares of the capital stock of the bank, and other facts sufficient to constitute a cause of action against him. The summons named John Lynch as defendant, and recited that the complaint was on file in the clerk's office. It was personally served on the appellant herein, John M. Lynch, on February 25, 1897. He did not appear, and judgment was entered against the defendant John Lynch, by default, January 25, 1898. On March 25, 1899, the appellant moved the district court to set aside the judgment, and for leave to answer the complaint. The proposed answer denied that the appellant was the John Lynch named as one of the defendants in the action, and denied that he was, or ever had been, a stockholder of the Washington Bank. The trial court made its order setting aside the judgment, and granting the appellant leave to answer, on payment of $75 costs. He appealed from the order.

The appellant's first claim is that the service of the summons and the judgment are absolutely void as to him because he is not the John Lynch named in the summons and complaint as defendant.

The John Lynch named in the action as defendant is admittedly the person who is charged in the complaint with the ownership of six shares of the stock of the bank. Whether the appellant is that person is the very issue which he tendered by his answer. The summons was personally served upon him, and he was thereby advised that the plaintiff claimed that he was the John Lynch who owned the stock, as charged in the complaint, and he was thereby called upon to come into court and meet the issue. He made default, and the court by its judgment necessarily determined the issue against him. He now asks the court to relieve him of his default, and permit him to answer and meet the proposed issue,—a proceeding wholly illogical and inconsistent if the judgment is void. The judgment was neither void nor irregular. Gorman's Case, 124 Mass. 190. The cases cited and relied upon by the appellant are not in point, for they are cases where the name of the person upon

77 M.—35

whom the process was served and the name of the defendant therein were not the same,—for example, where a summons against John Brown was served on John Smith. Whether the cases cited state the law correctly, we need not stop to inquire, for they are radically different in their facts from this case. The summons in this case named John Lynch as the defendant, and it was personally served on John M. Lynch, the appellant. The omission of the middle initial letter in the name was immaterial. He had no right to assume that some other John Lynch was intended, and it was his own fault that he did not come into court in answer to the summons, and contest the allegations of the complaint that he was a stockholder,—a question upon which his identity depended.

The judgment being valid, his motion was addressed to the discretion of the trial court, and the order appealed from must be affirmed, unless the court erred in imposing terms as a condition of permitting him to answer. The appellant claims that in no event could the costs imposed exceed $10, as provided by G. S. 1894, § 5506. They were not imposed under this section, which refers to costs which may be allowed to the prevailing party upon a decision of a motion or demurrer. It is perfectly evident from a reading of the order that the payment of the $75 as a condition of answering was imposed as terms under the provisions of G. S. 1894, § 5267. The fact that the court labeled the amount to be paid as "costs" is not significant.

Lastly, the appellant claims that the amount imposed was excessive, and therefore an abuse of discretion on the part of the court. The amount is 10 per cent. of the judgment, and under ordinary circumstances would be excessive. But this is not an ordinary case, for the appellant's negligence in failing to appear in response to the summons, and his delay in applying to the court to be relieved from his default, are great and unexcused. The opening of the judgment against the stockholders, as against him, will necessarily be attended with costs and expenses by the receiver, which might have been avoided, except for appellant's negligence. We are not prepared to hold that the trial court abused its discretion in imposing the condition.

Order affirmed.