## HARRY B. SINSABAUGH *et al.*

*v.*

## MARY B. DUN *et al.*

*Opinion filed February 21, 1905.*

1. INJUNCTION—*what is not material on bill to enjoin enforcement of judgment.* Upon a bill to enjoin enforcement of a judgment entered against a corporation by the levy of executions upon the property of natural persons, the question whether the latter are indebted to the judgment creditor is not material.

2. SAME—*what constitutes irreparable injury.* Threatened levies of executions upon copyrighted rating-books belonging to the complainants and furnished by them to patrons for confidential use in business, no one else having a right to use the information contained therein, constitute such interference with the complainants' business as would occasion irreparable injury within the meaning of the law, and justify a court of equity in entertaining a bill to enjoin such levies.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the City Court of Mattoon; the Hon. FRANK K. DUNN, Judge, presiding.

On October 1, 1902, W. F. Hartough, an agent of appellees, negligently caused the death of a horse, which he had hired from Harry B. Sinsabaugh, who was the proprietor of

a livery stable, through immoderate and careless driving, while engaged in performing his duties as such agent. On November 14, 1902, Sinsabaugh brought suit against "R. G. Dunn & Co., a corporation" before James L. Scott, a justice of the peace in Coles county, to recover the value of the horse. The summons was returned as served by reading to W. F. Hartough, "agent of the within named R. G. Dunn & Co.," and delivering a copy to him. On the return day of the summons, there was filed with the justice a document purporting to be a plea and motion, which recited that the "said R. G. Dunn & Co., limiting its appearance for the purpose of this motion," says it is not a corporation, etc., and sets out that Robert Dun Douglas, Walter D. Buchanan, Francis L. Minton and Mary B. Dun, as trustees under the will of R. G. Dun, deceased, are conducting business under the name of R. G. Dun & Co. The justice, on March 20, 1902, decided in favor of the plaintiff on the purported plea, and rendered judgment against "R. G. Dunn & Co." for $150 and costs of suit. It conclusively appears herein that R. G. Dun & Co. is not and never has been a corporation; that at the time of the commencement of said suit before the justice, and for some time prior thereto, the aforesaid trustees under the will of R. G. Dun, deceased, who are also the executors of said will, had been conducting business under that name.

On November 29, 1902, Harry Cole, a constable of Coles county, levied an execution, issued on said judgment, upon two mercantile reference books containing the names and financial standing of persons in business throughout the United States and Canada, one of which was in the possession of Robert T. Holmes and the other in the possession of the Mattoon Elevator Company, as lessees of the aforesaid trustees. These books belonged to a series of several thousand similar volumes. The information contained in them was obtained only by a large expenditure of money, and was treated as confidential by the lessees of the books, who were bound by a contract to permit no one but themselves to use

the books or to obtain the information contained in them. The books were copyrighted, and were never sold. They were leased to patrons. They were revised and new ones furnished four times a year, each succeeding book after the first delivered to the patron being furnished only upon surrender to R. G. Dun & Co. of the volume of the preceding edition.

On December 27, 1902, Mary B. Dun, Robert Dun Douglas, Francis L. Minton and Walter D. Buchanan, as executors and trustees under the will of Robert G. Dun, deceased, filed a bill in the city court of Mattoon, in the county of Coles, to restrain Sinsabaugh, Scott and Cole from prosecuting against complainants, or either of them, the judgment rendered by the justice, or taking any further steps therein against complainants, or in anywise interfering with the reference books taken from the possession of Holmes and the Mattoon Elevator Company, or with any other property of complainants, or with the possession of any of the lessees of complainants; also to restrain the defendants from asserting or claiming that the judgment rendered by the justice is a judgment against complainants or any of them, or that the judgment or execution is a lien on any of the property of complainants; also praying that the levies made under the judgment be set aside and declared null and void. A temporary injunction issued in accordance with the prayer of the bill. Afterwards a supplemental bill was filed setting forth that since the filing of the original bill, one of the books levied upon had been sold at a pretended constable's sale to Sinsabaugh for three dollars, and that Sinsabaugh has removed it to some place unknown to complainants, and claims to be, the owner by virtue of said sale. In addition to relief sought by the original bill, the supplemental bill, by its prayer, asked that the sale of the book to Sinsabaugh be set aside. That book was sold after the filing of the original bill, but before the temporary injunction issued.

The defendants filed a general demurrer to the bill and supplemental bill, which was overruled, and they then filed

an answer. The complainants replied to the answer, and the cause was heard before the court. A perpetual injunction was granted in accordance with the prayers of the bill and supplemental bill. The defendants to the bill appealed to the Appellate Court for the Third District, where the decree of the city court was affirmed, and they now appeal to this court.

Andrews & Vause, for appellants.

Hoyne, O'Connor & Hoyne, for appellees.

Mr. Justice Scott delivered the opinion of the court:

Appellants contend that the decree is erroneous because it was not made to appear that appellees were not indebted to Sinsabaugh in the amount of the judgment recovered before the justice. That judgment was against R. G. Dun & Co., a corporation. The execution was levied upon the property of natural persons—the appellees. Whether the latter were in fact indebted to Sinsabaugh is therefore wholly immaterial. That question may be hereafter litigated if an appropriate action be brought.

The jurisdiction of a court of equity is questioned, and it is said that appellees had an adequate remedy at law and that it is not shown by the bill that irreparable injury will result if no injunction is awarded.

From the original and supplemental bill it appears, and the decree finds, that Sinsabaugh was threatening to make other levies under said judgment upon other like property of appellees in the county of Coles, and to disclose the contents of appellees' reference books to all persons paying a small sum therefor, less than the charges made by appellees for the reports, confidential in character, furnished by them to their patrons and subscribers. The books were copyrighted and continued the property of appellees. No one had a right to use information contained therein and derived therefrom except by their permission or pursuant to a contract made with them.

The injuries which were about to be visited upon appellees were of such character that their damages could not be ascertained or computed so that adequate compensation therefor could be obtained in a suit at law. The authorities cited below warrant the conclusion that the acts threatened would constitute such an interference with the business and property of appellees as would occasion irreparable injury within the meaning of the law. *Jewelers' Mercantile Agency* v. *Rothschild,* 39 N. Y. Supp. 700; *Newell* v. *Sass,* 142 Ill. 104; *Edwards* v. *Haeger,* 180 id. 99.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*