[No. 9321. Department One.   April 14, 1911.]

THOMAS B. YARBROUGH, *Appellant*, v. F. K. PUGH *et al.*,
*Respondents.*[1]

ATTACHMENT—PROCESS—NOTICE BY PUBLICATION—PARTNERSHIP—
ACTIONS AGAINST—JURISDICTION. In an action of attachment brought
against a foreign corporation, constructive service by publication and
mailing of the summons to the corporation, is not sufficient to confer
any jurisdiction over the attached property belonging to a foreign
copartnership of the same name and place, there being nothing in
the record to show the names of any of the copartners; in view of
Rem. & Bal. Code, §§ 8366, 8369, contemplating that actions against
partnerships shall be prosecuted by and against the general partners
only, and § 228, requiring that service by mailing be "directed to the
defendant," which must be strictly followed.

Appeal from a judgment of the superior court for Spo-
kane county, Carey, J., entered July 11, 1910, upon findings
in favor of the defendants, after a trial on the merits before
the court without a jury, in an action to recover property
held under a writ of attachment. Reversed.

*Danson & Williams*, for appellant.
*Cannon, Ferris, Swan & Lally*, for respondents.

PARKER, J.—This is a proceeding to recover personal
property, under chapter IV, title IV, Rem. & Bal. Code,
§ 573 *et seq.*, relating to adverse claims to property levied
upon. While the property was in the possession of the sheriff
under a writ of attachment, in an action commenced in the
superior court for Spokane county by the Manufacturers'
Furniture & Bedding Company, a corporation, against The
Hefley-Coleman Company, a corporation, the plaintiff in this
proceeding, claiming to be the owner, demanded possession
thereof from the sheriff, at the same time delivering to him
proper affidavit and bond, under Rem. & Bal. Code, § 573.
The sheriff thereupon delivered possession of the property to

[1]Reported in 114 Pac. 918.

the plaintiff. A trial before the court without a jury, upon the question of the plaintiff's right to the property, resulted in findings and judgment against him, from which he has appealed.

The facts upon which the rights of the parties depend are not in dispute, and may be briefly stated as follows: On and prior to November 11, 1909, there was in storage with the Seehorn Transfer Company of Spokane, fifty bales of cotton linters, the property of the Hefley-Coleman Co., a copartnership consisting of W. J. Hefley and W. L. Coleman, of Fort Worth, Texas. On November 11, 1909, there was commenced, in the superior court for Spokane county, an action by the Manufacturers' Furniture & Bedding Company, a corporation, against the Hefley-Coleman Company, a corporation, to recover damages in the sum of $2,632.50. On the same day, the plaintiff in that action caused a writ of attachment to issue therein, its president making the usual affidavit and stating as grounds for the attachment, that "said defendant is a foreign corporation." Thereupon a writ of attachment was issued and placed in the hands of the sheriff, when he levied upon and seized the fifty bales of cotton linters as the property of the Hefley-Coleman Company, a corporation, defendant in that action. Thereafter, for the purpose of obtaining constructive service upon the defendant in that action, one of the attorneys for the plaintiff therein, on December 27, 1909, made and filed in the cause his affidavit, stating, upon information and belief, that the defendant is a corporation under the laws of Texas, "with its principal office and place of business located in the city of Fort Worth, state of Texas"; and that he deposited in the United States postoffice at Spokane on that day a true copy of the summons and complaint, securely sealed in an envelope with postage thereon prepaid, "addressed to the above named defendant at the address above given." Thereafter, commencing on January 1, 1910, the summons was published in a newspaper in Spokane county.

The evidence in this proceeding renders it plain that no

other service of the summons, of any nature, was ever made in that case than as shown by the affidavit of mailing as above quoted, and the affidavit of publication in the newspaper. Neither the summons or complaint referred to any attachment. On February 26, 1910, the defendant, "The Hefley-Coleman Company, a corporation," appeared by its attorneys specially in that action, and moved to quash the summons and the service thereof on several different grounds, none of which grounds, however, related to any question of misnaming the defendant. There was nothing in that appearance by which it could be construed to be an appearance, special or general, of the partnership consisting of W. J. Hefley and W. L. Coleman, or of any member thereof. That motion to quash was denied; and on March 28, 1910, judgment by default was rendered in that action against "The Hefley-Coleman Company, a corporation." On February 21, 1910, "The Hefley-Coleman Co.," the partnership consisting of W. J. Hefley and W. L. Coleman, sold the fifty bales of cotton linters here involved, to appellant, who thereafter, on March 12, 1910, commenced this proceeding to recover the same.

The question for our determination is, Was the action of Manufacturers' Furniture & Bedding Company, a corporation, against the Hefley-Coleman Company, a corporation, and the judgment rendered therein, in fact and in law, against W. J. Hefley and W. L. Coleman as partners under the name of "The Hefley-Coleman Co.," and did the superior court in that action acquire jurisdiction over the members of that partnership? In our discussion of this question we will not concern ourselves with the jurisdiction which the court may have acquired over "The Hefley-Coleman Company, a corporation." We are not advised by this record as to whether or not there is such a corporation, other than as it so appears in the record of that case, which was introduced in evidence in this case. Learned counsel for respondents insist that this question is only one of misnomer, which does not affect the

court's jurisdiction over the party actually served with pro-
cess, and that the partnership was in this case actually so
served and was in fact the real defendant.  In support of this
contention, our attention is called to a number of decisions of
the courts holding that the defendant actually served with
process is bound to respond as defendant, or suffer judgment
to go against him, even though he be erroneously named in
the process.  Counsel cite the following:  *Orman v. Salvo*,
117 Fed. 233; *Davis v. Jennings*, 78 Neb. 462, 111 N. W.
128; *Nisbet v. Clio Mining Co.*, 2 Cal. App. 436, 83 Pac.
1077; *Lafayette Ins. Co. v. French*, 59 U. S. 404; *Foshier
v. Narver*, 24 Ore. 441, 34 Pac. 21, 41 Am. St. 874; *Whitt-
lesey v. Frantz*, 74 N. Y. 456; *Hoffield v. Board of Education
of Newton*, 33 Kan. 644, 7 Pac. 216; *Kingen v. Stroh*, 136
Ind. 610, 36 N. E. 519; *Pond v. Ennis*, 69 Ill. 341; *Bloom-
field R. Co. v. Burress*, 82 Ind. 83; *Ueland v. Johnson*, 77
Minn. 543, 80 N. W. 700, 77 Am. St. 698.

In none of these cases does it appear that the jurisdiction of
the court depended upon other than personal service of sum-
mons, save in *Nisbet v. Clio Mining Co.*, *supra*, and in that
case the jurisdiction was materially aided by a liberal statute
relating to the misnomer of corporations, nor was there any
partnership there involved.

It might well be argued that the failure to correctly name
a defendant in a case where the jurisdiction of the court de-
pends upon constructive service is a matter of much more
seriousness than where a defendant is personally served with
process.  A personal service is made by an officer or some
person making actual delivery of the process to the person
to be served, and such officer or person so serving is supposed
to know who the person is who is intended to be sued.  A con-
structive service depends almost entirely upon the correctness
of the name in the process, of the person to be served, or its
coming to the notice of such person.  This is especially so
where the constructive service consists only of publication
and mailing; though it might not be so where there is per-

sonal service out of the state. In this case we have no service save by publication and mailing. However, we are here confronted with another question which we regard as decisive of this case.

Now the service depended upon here is the service which, under the law, may be made upon a corporation. Let us suppose, for the sake of argument, that it was sufficient to give jurisdiction over a corporation. Let us even go farther and suppose that it would give jurisdiction over a corporation even though there was a misnomer as to the defendant in the process. This is not a question of acquiring jurisdiction over a corporation, but of acquiring jurisdiction over the members of a partnership. So the real question is as to whether or not this service has resulted in the court acquiring jurisdiction over W. J. Hefley and W. L. Coleman, or either of them, as members of the partnership known as "The Hefley-Coleman Co." If a corporation and a partnership could, under the law, be sued in the same manner as to naming each, and each could be served with process in the same manner as to the persons to be served, jurisdiction might have been acquired over the partnership in this case, assuming that the matter of misnomer, as affected by the fact of constructive service only, created no obstacle to the jurisdiction. If the case of Manufacturers' Furniture & Bedding Company, a corporation, against The Hefley-Coleman Company, a corporation, can be said to be in any sense a suit against this partnership or its members, it is in no event any more than a suit and process against it in its partnership name. It is not pretended that the names of these partners appear anywhere in a single file or record of that suit. It is not pretended that any member of the partnership was served with process therein, personally or constructively. The nearest approach thereto was the mailing of the summons and complaint, as stated in the affidavit of one of the attorneys in that case, which statement, taken literally, means that such mailing was to "The Hefley-Coleman Company, a corporation;" though for the sake of

argument, we will assume that the words, "a corporation" were not used in the mailing.

In the absence of statute providing otherwise, a partnership cannot sue or be sued apart from its members. The rule is stated in the text of 15 Ency. Plead. & Prac., 839, as follows:

"At common law a partnership or firm is not regarded as a legal entity apart from its members, and as it is a general rule that actions can only be brought by and against persons natural or artificial, and partnerships are not considered persons, it is almost universally held that in the absence of express statutory authority all actions and suits involving partnership claims or liabilities must be brought by or against the persons individually who compose the firm."

See, also, 30 Cyc. 565.

This was recognized as the law in this state in *Olson v. Veazie*, 9 Wash. 481, 37 Pac. 677, 43 Am. St. 855. We have no statute in this state changing this rule. We have, however, statutes which evidently were enacted in recognition of this rule. Rem. & Bal. Code, § 8366, provides that actions against limited partnerships "shall be prosecuted by and against the general partners only." And Rem. & Bal. Code, § 8369, provides for the filing of certificates with the county auditor by persons conducting business under other than their true names, and stating therein their true names. These statutes clearly recognized the necessity of partnerships suing and being sued in the name of the individual partners, and that the partnership does not exist in law apart from the individuals composing it. We are not called upon here to determine any doubtful question as to whether or not these partners were sued as individuals, such as might arise where only the name of the partnership appears as defendant in a title to an action and the individual names appeared elsewhere in the record, showing they were being proceeded against as individuals, as in *Olson v. Veazie, supra*. Nor where there is a personal service upon one or more of the partners. We are left with the single question, Has jurisdic-

tion been acquired over them, waiving the question of misnomer, by constructive service in the partnership name only? In the case of *Johnson Machinery Co. v. Watson*, 57 Mo. App. 629, the court had under consideration this exact question. The Magnolia Lumber Company, a partnership of Arkansas, was sued in Missouri, in the firm name only. One of its creditors was garnisheed and paid, in compliance with an order of the court, the amount of the debt toward a judgment rendered in the action against the Magnolia Lumber Company. The service upon which that judgment was based was constructive and in the firm name only. It was held that the judgment against the Magnolia Lumber Company was a nullity, it not having appeared, and was no protection to the garnishee. At page 633 the court said:

"Making application of the law to the conceded facts, it is very evident that the judgment against the appellant as garnishee in the *Luking* case was a nullity, for the reason that the justice rendering the judgment did not, as against the owners, acquire the right to dispose of the fund. In the absence of a statute authorizing it, a firm can only be sued in the individual names of its members. This rule rests on the principle that a firm has no legal existence apart from its members. It is a mere ideal entity. *Moore v. Burns*, 60 Ala. 269; *Halliday v. Doggett*, 6 Pick. 359; *Cushing v. Marston*, 12 Cush. 431; *Mexican Mill Co. v. Yellow Jacket Mining Co.*, 4 Nev. 40; *Rohrbough v. Reed Bros.*, 57 Mo. 292; *Fowler & Wild v. Williams*, 62 Mo. 403; *House v. Duncan*, 50 Mo. 453; *Beattie v. Hill*, 60 Mo. 72; *Comrades v. Spink*, 38 Mo. App. 309."

In the case of *Perry-Rice Grocery Co. v. Craddock Grocery Co.*, 34 Tex. Civ. App. 442, 78 S. W. 966, we have a situation much like that here involved. Action was commenced against Arbuckle Brothers, alleging it to be a corporation under the laws of New York. Service was made personally in New York by delivering process to one John Arbuckle, who appeared to be a member of a partnership called Arbuckle Brothers. Garnishment was issued and served upon Perry-Rice Grocery Company, a creditor of the partnership

in Texas. There was an attempt to amend the complaint by alleging that Arbuckle Brothers was a partnership composed of John Arbuckle and others, but without notice of such amendment to any of the partners. They did not appear. Judgments against Arbuckle Brothers and the garnishee were removed by the garnishee by writ of error to the court of Civil Appeals, contending that the judgment against Arbuckle Brothers as a partnership was a nullity for want of jurisdiction. In sustaining this contention, the court said:

"The original petition of which Arbuckle Brothers had notice, presented an action against them as a corporation, and by amendment the capacity in which they were sued was changed from that of corporation to a partnership. This was equivalent to the institution of a new suit, and defendants not having pleaded thereto, before a valid judgment can be rendered therein against them, service of such amendment must be had upon them. The seizure of a defendant's property by a writ of attachment or garnishment does not obviate the necessity of service of citation as provided by law in ordinary suits.

"It has been held in this state that the mere change of parties, such as an amendment which strikes out one of the plaintiffs or corrects the christian name, is not such a change in the character of the suit as would give the defendant the benefit of limitation. It has also been held that the mere addition of the name of one of the partners of a firm sued, whose name had been omitted in the original petition, the other plaintiffs remaining the same; or when suit is brought in the name of a nominal plaintiff for the use of another person, the substitution by amendment of the person for whose benefit the suit was originally brought, would not require the service of notice thereof on the adverse party. *Roberson v. Mc-Ilhenny*, 59 Texas 615; *Martel v. Somers*, 26 Texas 551; *Price v. Wiley*, 19 Texas 141. But where there is an entire change in the names of the plaintiffs, or the capacity in which the defendant is sued, service of such an amendment must be made upon the other party, or judgment taken against such new party will, in the absence of a voluntary appearance and answer thereto, be void."

See, also, *Sinsabaugh v. Dun*, 214 Ill. 70, 73 N. E. 390;

*Smith v. Hoover,* 39 Ohio St. 249; *Likens v. McCormick,* 39 Wis. 313.

The case last cited, because of the peculiar situation involved, did not present a question of jurisdiction; but we infer from the opinion of the court that had such question been involved, the judgment would have been held void for want of jurisdiction. The only case coming to our attention, which we regard as being opposed to this view, upon this precise question, is that of *Neiswanger v. Ord,* 81 Kan. 63, 105 Pac. 17, 29 L. R. A. (N. S.) 287. In that case, however, the full name of one of the partners appeared in the name of the defendant firm, thus showing there was at least one defendant having legal capacity to sue or be sued. Cases dealing with the question as one of jurisdiction are collected in a note to that case in 29 L. R. A. (N. S.) 287.

It is elementary that, in order to acquire jurisdiction by constructive service, the statute permitting such service must be strictly followed. *Wick v. Rea,* 54 Wash. 424, 103 Pac. 462. And the mailing of process prescribed by such a statute "is as indispensable as any other step in the service, and without it the court can acquire no jurisdiction." 17 Ency. Plead. & Prac., 102. The mailing of process, addressed to the partnership, in the partnership name only, which at most is all that was done in this case, is not a mailing "directed to the defendant" as required by Rem. & Bal. Code, § 228, since the partnership is in no event the defendant. It could as well be said that the return of an officer, to the effect that he personally served a process upon a partnership by delivering it to the partnership, without naming the person to whom he delivered it, would show a service sufficient to support jurisdiction.

We are of the opinion that in the suit of Manufacturers' Furniture & Bedding Company, a corporation, against the Hefley-Coleman Company, a corporation, the superior court acquired no jurisdiction over the partnership consisting of W. J. Hefley and W. L. Coleman, and that therefore their

property could not be subjected to seizure or sale in that cause. The judgment is reversed, with directions to render judgment in favor of appellant, awarding him the property involved.

GOSE, FULLERTON, and MOUNT, JJ., concur.