## ARCOLA SUGAR MILLS CO. v. DOHERTY et al. (No. 8501.)*

(Court of Civil Appeals of Texas. Galveston. June 22, 1923. Rehearing Denied Oct. 4, 1923.)

1. Corporations ⟨⟩505—Sued by wrong name held to have waived mistake.

Where the Arcola Sugar Mills Company was sued as Arcola Sugar Company, and judgment against it on default taken in that name, and efforts of settlement were made thereafter, and neither the citation nor the testimony of its attorney, with whom the citation was left by consent of defendant's president, left in doubt the identity of defendant as the party intended to be sued, the judgment against it was binding.

2. Corporations ⟨⟩505—Misnomer of corporation entitled it to abate proceeding.

The misnomer of a corporation defendant, which could not mislead, merely entitled defendant to abate the proceeding until the misnomer could be corrected.

3. Judgment ⟨⟩424—Misnomer of judgment defendant not ground for relief in equity.

Where the misnomer of a corporation defendant rendered the judgment voidable, defendant's remedy was by appeal or writ of error, and not through collateral suit enjoining enforcement of the judgment.

4. Judgment ⟨⟩502—Where defendant misnamed, judgment voidable, and not void.

Where a corporation was sued by a name different from that stated in its charter, know-

---

ing through the citation that a suit had been filed against it, and judgment was taken by default, the judgment was voidable, and not void.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Suit by the Arcola Sugar Mills Company against R. P. Doherty and another. From a judgment refusing an injunction, plaintiff appeals. Affirmed.

P. C. Del Barto and Sylvain K. Lloyd, both of Houston, for appellant.

Vinson, Elkins, Wood & Pollard, of Houston, for appellees.

GRAVES, J. Appellant, Arcola Sugar Mills Company, a Texas private corporation with its domicile and principal office in the city of Houston, in Harris county, and of which Kate Scanlan, also of Harris county, is president, brought this suit in the district court of Harris county against R. P. Doherty and the sheriff of Ft. Bend county, Tex., to restrain them from collecting against it or subjecting its property to the payment of a judgment theretofore obtained by Doherty in cause No. 17278 in the county court at law of Harris county, Tex., against Arcola Sugar Company in the sum of $350, it was alleged that the county court judgment against Arcola Sugar Company was not binding against appellant, Arcola Sugar Mills Company, was null and void and inoperative in so far as appellant was concerned, and that its property could not therefore be properly seized thereunder, as appellees had done. On presentment to it of the bill for injunctive relief, the court below issued a temporary injunction awarding the relief prayed for, but on final hearing of the matter without a jury dissolved the temporary writ and entered judgment refusing the injunction, from which action appellant presents this appeal.

The material averments of Doherty's petition in the county court suit were as follows:

"(1) That the plaintiff resides in Harris county, Tex., and that the defendant is a private corporation, organized and existing under and by virtue of the laws of the state of Texas, with its domicile and principal place of business in the city of Houston, Harris county, Tex., with Kate Scanlan, a feme sole, as president, upon whom service of citation may be had. * * * (3) That the said plaintiff began his employment in the capacity of bookkeeper on or about the ―― day of ――, A. D. 1918, and was continuously employed by said defendant as bookkeeper from said date until January 31, 1921. (4) That the said defendants paid plaintiff for the services performed from the beginning of said employment until the 1st day of July, A. D. 1920; that the said plaintiff was continuously in the employment of said defendant from the 1st day of July, A. D. 1920, until the 31st day of July, A. D. 1921, as bookkeeper; that the said defendant has not paid plaintiff for the services performed as bookkeeper from July 1, 1920, to January 31, 1921, inclusive; that there is now due plaintiff by the defendant at the rate of fifty dollars ($50.00) per month, the total amount of three hundred fifty dollars ($350.-00); that plaintiff has often requested defendant to pay said amount, but that the defendant has hitherto failed, and now fails and refuses, to pay the same, or any part thereof, to plaintiff's damage in the sum of four hundred dollars ($400.00)."

Citation issued under this pleading to Arcola Sugar Company on June 9, 1921, and the sheriff's return, made two days later, was to this effect:

"Came to hand the 11th day of June, 1921, at 9 o'clock a. m., and executed the 17th day of June, 1921, at 3:15 o'clock p. m., by delivering to Miss Kate Scanlan—see Otis Hamblen—the within named defendant, in person, a true copy of this citation."

Judgment by default in favor of plaintiff Doherty for $350, interest and costs, against defendant Arcola Sugar Company, was entered by the county court at law on July 5, 1921, under recitations to the effect that, though duly and legally cited, the defendant had failed to appear and answer, and that, after hearing the pleadings, evidence, and argument of counsel, the court found plaintiff's allegations to be true, and that he was entitled to recover; the decree concluding with this additional finding:

"It further appearing to the court that plaintiff's demand is for personal services rendered the defendant by the plaintiff for the months beginning July 1, A. D. 1920, and ending January 31, A. D. 1921, at the rate of $50 per month, and that there is now due plaintiff by the defendant for services done and performed the sum of $350, with interest thereon at the rate of 6 per cent. per annum from February 1, A. D. 1921."

On February 8, 1922, alias execution on the judgment so entered issued and was levied by the sheriff of Ft. Bend County on the property of appellant, Arcola Sugar Mills Company, which procedure led to the present suit. On this hearing it was undisputedly made to appear—indeed, from appellant's petition itself—that there was no corporation, partnership, firm, association, or trust estate known and designated as Arcola Sugar Company, but that at the time Doherty brought his county court suit against a defendant as so named Miss Kate Scanlan, of Houston, Tex., was president of the Arcola Sugar Mills Company of Houston, which was the chartered corporate name of the appellant. It was further shown that Mr. Doherty had performed the bookkeeping services he declared upon, and on account of which he was given the judgment against Arcola Sugar Company, for the Arcola Sugar Mills Company, appellant here; that Miss Kate Scanlan was its president at the time the services were performed; that Doherty knew

its true corporate name then, had never worked for any other corporation of which she was president, and intended to sue it. One of appellant's officers had employed him for the work he had so done, and he had the matter of settlement for it up with Miss Kate Scanlan, its president, just before he filed suit thereon in the county court at law. Mr. Otis Hamblen, who was named in the above-copied sheriff's return on the citation, was then appellant's attorney. The sheriff, being unable to see Miss Scanlan to serve it on her, brought the citation to him, and he testified:

"I telephoned Miss Kate and got her consent to have the sheriff leave the citation with me, and it would have the same effect as if it had been left with her, and I told the sheriff to make the indorsement on the citation to 'see Otis Hamblen' if any question ever came up, and that is about the only connection I had with the case itself. I represented the Arcola Sugar Mills Company at that time, and also represented the Scanlan estate. Miss Kate Scanlan at that time was the president of the Arcola Sugar Mills Company, and when the sheriff was there with the citation to serve on her I called her by telephone and told her, and she agreed for me to accept the service, and I told her what suit it was; that Mr. Doherty was suing her for his salary. I did not use the words 'salary for services performed for Arcola Sugar Mills Company.' The fact of the matter is I didn't examine the citation myself. I knew what it was, that Mr. Doherty was suing for his salary, and I told her that Mr. Doherty had filed that suit, and that I had the citation there, and I suggested to her that she permit me to have the sheriff leave it with me and save the trouble and annoyance of serving her personally.

"After the judgment was taken, the question of settlement came up several times. I discussed the proposition of settlement with you several times, and also discussed it several times with Mr. Doherty. Miss Scanlan knew that I was discussing it with you and Mr. Doherty. * * * This citation you show me is the one brought to me by the sheriff, and he left me a copy of it, and it is the citation about which I telephoned Miss Scanlan, and she told me to go ahead and accept service for her. I did not tell her that it had the name of the corporation wrong. I never noticed that. The fact of the matter is Doherty brought two suits, and I had known of his contention previous to that, and knew he was threatening suit, and when the citations came in I didn't examine them, just telephoned her and told her what they were. I knew the suits were for salary. I knew that in advance; didn't learn that from the citations. I knew he was claiming salary from the Arcola Sugar Mills Company, and we were expecting the suit on it. I did not read the citation at all. I never, as attorney for the Arcola Sugar Mills Company, filed any motion to quash the service, and never appeared in the case before judgment. The matter I had up with you was after judgment. I never sued out writ of error or appeal. That is the only connection I had with it, and I never did waive anything, because no suggestion came up like that."

[1, 2] We think the situation thus presented is directly ruled by these declarations from our Supreme Court in the recent case of Abilene Independent Telephone & Telegraph Co. v. Williams, 111 Tex. 104, 229 S. W. 848:

"(1) The above facts admit of no other conclusion than that plaintiff in error was sued by a name different from that stated in its charter, and further that neither the petition nor the citation left in doubt the identity of the plaintiff in error as the party intended to be sued. Under that state of facts, it was clearly obligatory on plaintiff in error to appear and answer the plaintiff's petition, in obedience to the citation served upon it, or else be bound by the judgment to be entered on its default. No more can in reason be required than that a corporate defendant be fully informed that suit has been brought against it. If, with that information, it elects not to interpose timely objection to a mistake in its name, it ought to be treated as having waived the mistake.

"(2) The misnomer of a corporation defendant has no different effect from the misnomer of an individual defendant. Hoffield v. Board of Education, 33 Kan. 644, 7 Pac. 216. The misnomer of either, which cannot mislead, merely entitles the defendant to abate the proceeding until the misnomer be corrected. Tryon v. Butler, 9 Tex. 553."

[3] As was further said in that opinion:

"Numberless errors entitle a party to a reversal of a judgment on appeal or writ of error, which are of no avail when relied on to support a collateral attack on the judgment, or to furnish a basis for equitable relief against the enforcement of the judgment."

[4] Had appellant appealed or sued out a writ of error in the county court at law cause, it would undoubtedly have been entitled to a reversal of that judgment on account of the misnomer (So. Pac. Co. v. Block, 84, Tex. 22, 19 S. W. 300), but knowing at the time, as it did through the citation writ in effect served on both its president and attorney, that a suit had been filed, which reasonably must, in the circumstances have been intended to hale it into court on a cause of action it knew existed threateningly against it, it could not, we think, sit idly by, let judgment therein go by default, and then subsequently in a separate proceeding enjoin enforcement thereof merely because of the simple mistake in its corporate name. As in the Abilene Case, the judgment was not void, but only voidable; hence the remedy of the appellant here in reference thereto was by appeal or writ of error, and not through the collateral attack this injunction suit constituted against it. Jameson v. O'Neall (Tex. Civ. App.) 145 S. W. 680.

The case of St. Louis & S. F. Ry. Co. v. English (Tex. Civ. App.) 109 S. W. 424, is easily distinguished on its facts. There the undisputed evidence showed that the St. Louis & San Francisco Railway Company and the St.

Louis, San Francisco & Texas Railway Company were separate and distinct corporations, one a Texas and the other a Missouri concern. Many, if not all, of the other cases cited and relied upon by appellant, except the Abilene Case, which we have held to be in principle the same as this one, were those wherein the errors in pleading or service claimed were presented to the appellate court by direct appeal or writ of error in the same proceeding; hence did not present the same question as is here involved.

It is difficult to see how a proper case for equitable relief could be said to have been presented in this instance. Surely appellant here was not prevented from making any defense it may have had to the appellee Doherty's suit in the county court at the proper time through no fault on its own part; on the contrary, as in the Abilene Case, supra, "it deliberately chose to take the risk of being able to successfully assail the validity of the judgment, after its entry." Not only that, but it also made unsuccessful efforts to settle such judgment after its rendition, following which it sought to enjoin.

We conclude that the judgment of the trial court should be affirmed. It is so ordered.

Affirmed.