First National Bank of Decatur v. Preston National Bank.

No. 21.

1. **Supplying a Defective Appeal Bond.** — Section 39 of chapter 34 of Acts of 1892, page 32, applies to cases required to be transferred from the Supreme Court to Courts of Civil Appeals, equally as to cases in which appeals or writs of error might be directly brought before those courts after their organization. The section provides that defective appeal or error bonds may be amended by filing new bonds on such terms as the court may prescribe.

**2. Same.**—The provision for such new bond or amendment, although jurisdictional, is not unconstitutional if the same practical result might have been accomplished at the time the statute was enacted, through writ of error; where at the time writ of error was barred the amendment would be ineffectual as to parties not made so by the original appeal or error bond.

**3. Practice in Filing New Bonds.**— Where by the amended bond the rights of parties to whom the original bond was not made payable may be adversely affected, such parties should have notice of such amendment.

THIS is a question certified by the Court of Civil Appeals, Second District, in a case appealed from Wise County.

The cause was pending in the Supreme Court when the law creating the Courts of Civil Appeals went into effect. By the former court it was transferred to the said Court of Civil Appeals, under section 4, article 1060, Acts 1892, page 24.

On a former day of the term of said Court of Civil Appeals, the court, of its own motion, dismissed the appeal, because all the parties in the judgment appealed from, interested adversely to appellant, were not obligees in the appeal bond.

Appellant filed a motion for rehearing, in which it tenders a new appeal bond, including the parties omitted in the former as payees in the new appeal bond. This it seeks to do under section 39, page 32, Acts of 1892.

The court certified to the Supreme Court the following question:

"Is the Court of Civil Appeals empowered by said section 39 to permit the filing of a new appeal bond, curing the defects set out under the circumstances and facts hereinbefore stated?"

*Soward & Martin,* for appellee.—The motion for rehearing and to file new bond should be refused, for the following reasons:

1. Because the appeal bond that is sought to be amended was made in the court below long before the adoption of section 39, Court of Civil Appeals Act, approved April 12, 1892. Suth. on Stat. Con., sec. 406.

2. Because there was no bond filed in the court below payable to the parties against whom the appeal is now sought to be perfected; and being no bond, there was and is nothing to amend.

3. Because, to allow the defendant below to appeal this case as to its codefendants by giving bond in the Court of Civil Appeals for the first time, more than two years after the rendition of the judgment below, and without notice to its said codefendants, would be taking jurisdiction by our Court of Civil Appeals without due process of law.

4. Because said section 39 only provides for the amendment sought to be made in this case "on motion to dismiss the same for such defects." If the parties sought to be made parties appellees in the appellate court had appeared there and made motion to dismiss the supposed ap-

peal, they would be, or perhaps might have been, considered in court, for the purpose under said section 39 of making a new bond. But such is not the case, as shown by the record, and no motion was made, and these parties have never been attempted to be brought in by any process known to the law. Wherefore we say said section 39 can not be invoked in this case.

STAYTON, CHIEF JUSTICE.—The statute provides that "Where there is a defect of substance or form in any appeal or writ of error bond, or motion to dismiss the same for such defect, the court may allow the same to be amended by filing in said Court of Civil Appeals a new bond, on such terms as the court may prescribe." Gen. Laws 1892, sec. 39, p. 32.

This cause is one transferred by this court to the Court of Civil Appeals under the fourth section of the Act of April 13, 1892. Gen. Laws, p. 24. It was dismissed in that court on the ground that the appeal bond was not made payable to all persons adversely interested; and under these facts the Court of Civil Appeals certifies to this court the following question: "Is the Court of Civil Appeals empowered by said section 39 to permit the filing of a new appeal bond, curing the defects set out under the circumstances and facts herein before stated."

We see no reason to doubt the intention of the Legislature to make the statute in question applicable to such cases as were required, after its passage, to be transferred from this to a Court of Civil Appeals, as well as to cases in which appeals or writs or error might be directly brought before those courts after their organization.

Nor do we see any constitutional objection to giving effect to the statute in any case in which, under the law applicable to it, the right to prosecute a writ of error was not barred; for if the giving of the bond required by the statute be deemed a matter on which the jurisdiction of the court depended, the law would not be unconstitutional in that it permitted the appeal to be prosecuted under the new bond, if the same practical result might have been accomplished, at the time the statute was enacted, through writ of error.

If, however, at the time the statute was enacted the right to have the judgment revised in any manner had been lost by lapse of time, then the Legislature could not revive that right. Taylor v. Duncan, Dallam, 514.

When, under the statute, parties are permitted to file a new bond, through which the rights of parties adversely interested, but to whom the former bond was not made, may be affected, the order allowing this to be done should fully protect the rights of such parties by requiring notice to be given to them.

This opinion will be certified to the Court of Civil Appeals from which the certificate came.

Delivered June 1, 1893.