### D. M. CLARK, ADMINISTRATOR, v. BOB LOWE.

#### Decided January 19, 1910.

**Sequestration—Bond—Appeal—Parties.**

Where a writ of sequestration was quashed after replevin bond had been given by defendant, plaintiff, who recovered judgment for the property or its value against defendant only, could not complain of the failure to render judgment also against the sureties on defendant's replevin bond without making them parties to the appeal by the bond given therefor.

Error to the County Court of Tom Green County. Tried below before Hon. Milton Mays.

*Thomas & McCarty,* for plaintiff in error.—Where a suit is decided against a defendant who has replevied sequestered property, final judgment should be entered against all the obligors on the replevy bond filed therein, jointly and severally, for the value of the property replevied. Rev. Stats., 1895, art. 4876; Martin v. Berry Bros., 87 S. W., 712; Pipkin v. Tinch, 98 S. W., 1077.

*Anderson & Dumas,* for defendant in error.—Cited Cheatham v. Riddle, 8 Texas, 162; Trammell v. Trammell, 15 Texas, 291; Sartain v. Hamilton, 14 Texas, 348; Rohrbough v. Leopold, 68 Texas, 254.

Sureties on a replevy bond, executed by a defendant to retake sequestered property, are released upon the sequestration being properly quashed. Mitchell v. Bloom, 91 Texas, 634. ·

KEY, ASSOCIATE JUSTICE.—D. M. Clark, as administrator of the estate of N. R. Clark, deceased, brought this suit against Bob Lowe for the title and possession of two horses, or $195, the value of the horses, in the event possession of the horses could not be obtained. The plaintiff sued out a writ of sequestration, under which the horses were seized by the constable. Thereupon the defendant filed a replevy bond and by reason thereof retained possession of the horses. Thereafter, on motion of the defendant, the court quashed the sequestration bond and the writ of sequestration. The case was then tried and judgment rendered for the plaintiff Clark against the defendant Lowe for title and possession of the two horses sued for and, in the alternative, for $195, the value of the horses, and the court refused to render judgment in favor of the plaintiff against the sureties on the replevy bond.

The plaintiff has brought the case to this court by writ of error, making the defendant Lowe the sole defendant in the writ, but has assigned no error as against him. Only two assignments are presented in the briefs, and they assert the proposition that the court committed error in sustaining the motion to quash the sequestration bond and writ and in refusing to render judgment for the plaintiff against the sureties on the replevy bond. The sureties referred to are interested in both questions, and yet they have not been made parties to the proceeding by which the case was brought to this court. By signing the replevy bond they became parties to the suit in the sense that if the sequestration proceeding had not been quashed, the court could have rendered judgment against them as well as the defendant, and, before any relief can be had against them in this court, it was necessary that they be made parties to the appeal or writ of error. This was not done, and therefore we decline to decide the questions referred to in the briefs. The judgment is affirmed.

*Affirmed.*