PRYOR et al. v. KRAUSE et al.

(Court of Civil Appeals of Texas. El Paso.
Oct. 24, 1912. Rehearing Denied
Nov. 20, 1912.)

1. APPEAL AND ERROR (§ 1125*)—AFFIRMANCE ON CERTIFICATE—JURISDICTION.

The court, not having jurisdiction of an appeal or writ of error, has none to affirm on certificate.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4428; Dec. Dig. § 1125.*]

2. APPEAL AND ERROR (§ 327*) — PARTIES — BOND.

The statute requiring all parties adversely interested to be made parties to a writ of error is not complied with, where, judgment in trespass to try title being for plaintiff against all the defendants, one only of the defendants petitions for writ of error, and makes his writ of error bond payable to the plaintiff only.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1814–1820, 1822–1835; Dec. Dig. § 327.*]

3. APPEAL AND ERROR (§ 327*) — PARTIES — BOND.

While, perhaps, one made a defendant both in his individual and representative capacities, and against whom judgment is rendered in both capacities, may not appeal in his individual capacity alone, yet his appeal, in form only in his individual capacity, will not be dismissed, his appeal bond being made payable to himself in his representative capacity, as well as to the other parties, so that he is before the court in both capacities.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1814–1820, 1822–1835; Dec. Dig. § 327.*]

4. APPEAL AND ERROR (§ 641*)—DISMISSAL—INDORSEMENT ON TRANSCRIPT.

That the indorsement by the clerk of the trial court on the transcript is misleading and contradictory is not ground for dismissing the appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2789, 2790; Dec. Dig. § 641.*]

5. APPEAL AND ERROR (§ 608*)—TRANSCRIPT—SUFFICIENCY.

As against motion on appeal to affirm on certificate, on the ground that no transcript was filed on the appeal, one of the defendants having appealed, and another having petitioned for writ of error, the appeal bond, which under district and county court rule No. 96 (142 S. W. xxiv), is an application for transcript, having been filed before the writ of error, the certificate of the clerk showing the transcript contains all the proceedings on the trial, and it being indorsed as applied for and delivered to S. & W., who are attorneys for appellant, the transcript will be considered as on the appeal, though the certificate shows it contains the proceedings on writ of error, and it has an indorsement of having been applied for by M., who is the attorney in the writ of error proceedings.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2673–2684; Dec. Dig. § 608.*]

6. APPEAL AND ERROR (§ 655*) — STRIKING OUT TRANSCRIPT—VIOLATION OF RULES.

The Court of Civil Appeals will of its own motion strike out a transcript for violation thereby of its rules.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2823–2825; Dec. Dig. § 655.*]

7. APPEAL AND ERROR (§ 656*) — STRIKING OUT TRANSCRIPT—REFILING.

Where motion to affirm on certificate for absence of a transcript is overruled, but the court of its own motion strikes out the transcript for violations thereby of its rules, it will give leave to file a corrected transcript.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2826–2828; Dec. Dig. § 656.*]

Appeal and Error from District Court, El Paso County; A. M. Walthall, Judge.

Suit by Annie P. Krause and others against Thomas D. Pryor and others. There was judgment for plaintiff, and Thomas D. Pryor individually appealed, and as executor petitioned for writ of error. Plaintiff moves to dismiss and to affirm on certificate. Writ of error dismissed. Other motions overruled.

Stanton & Weeks and Jay Good, all of El Paso, for appellants. Frank G. Morris, of El Paso, for plaintiff in error. Davis & Goggin, of El Paso, for appellees and defendants in error. Lea & Nagle, of El Paso, for appellee minors.

PETICOLAS, C. J. This was a suit by Annie P. Krause against Thomas D. Pryor and John P. Pryor, both as individuals and as executors and trustees of the last will of Annie Porter, deceased, against C. W. Fassett, receiver of the estate of Annie Porter, Frederick Pryor, Thomas Aubrey Pryor, Frances Pryor, all of whom were minors, Francis D. Pryor and John P. Pryor, Jr. It was a suit in trespass to try title for certain real estate. T. C. Lea was appointed guardian ad litem for the minors. Judgment was rendered that plaintiffs recover against Thomas D. and John P. Pryor in both capacities and against all the other defendants the title and possession of said land, provided that plaintiff should assume and pay off certain notes executed by Annie P. Krause, John P. Pryor, and Thomas D. Pryor. Thomas D. Pryor moved for a new trial in his individual capacity only. The minor defendants moved for a new trial. The motions being overruled, Thomas D. Pryor individually and the minors gave notice of appeal. Pryor individually filed an appeal bond, which he made payable to Annie P. Krause, to John P. Pryor individually and in his executive capacity, to Thomas D. Pryor in his representative capacity, and to all the other defendants. Assignments of error were filed by Thomas D. Pryor individually. Afterwards a petition for writ of error was filed by Thomas D. Pryor as executor, etc., and not in his individual capacity. The petition

for writ of error, the writ of error bond (which is payable to Annie P. Krause only), citation in error (which was served only on Annie P. Krause), the return, and the assignments by Pryor, executor, are contained in the only transcript which we have before us. The transcript itself is in rather an extraordinary condition. It contains what purport to be all proceedings in the case, including the appeal, and also contains the proceedings on writ of error. The certificate is substantially as follows: " * * * Do hereby certify that the foregoing pages from 296 to 298, inclusive, is a true and correct copy of the proceedings in the foregoing entitled cause No. 8,321 on the docket of the district court, and wherein Annie P. Krause is plaintiff and Thomas D. Pryor et al. are defendants, together with certified bill of costs thereto attached. And I further certify that the foregoing pages contain a true and correct transcript of the proceedings upon application for writ of error made by Thomas D. Pryor as executor and trustee of the last will and testament of the estate of Annie Porter, deceased, wherein he sues out a writ of error to the appellate court in the capacity aforesaid." The transcript has indorsed upon it the following: "Applied for by Stanton & Weeks on the 22d day of March, 1912, and delivered to Stanton & Weeks on the 19th day of June, 1912"—signed by the clerk. It also has another indorsement, in the same handwriting as the one just quoted, as follows: "Applied for by F. G. Morris on the 27th day of May, 1912." This is written above and to one side of the signature of the clerk; and whether it is intended to be a part of the other certificate or not we are at a loss to determine; and it is equally difficult to determine whether the certificate of the clerk quoted above with reference to the contents of the transcript means that it is the transcript on writ of error or the transcript on appeal.

Counsel for appellee and defendant in error Annie P. Krause have filed a motion to dismiss the writ of error herein on the ground that this court has no jurisdiction, since all the parties to the suit are not before it, and for the reason that plaintiff in error cannot divide himself up in two capacities and appeal in his personal capacity and sue out a writ of error in his representative capacity. They have filed also a motion to dismiss the appeal for the reason that Thomas D. Pryor in his representative capacity does not join in the appeal, and for the reason that the indorsement on said transcript is misleading and contradictory. They filed also a motion to affirm on certificate on the ground that the transcript filed is the writ of error transcript, and that Pryor, appellant, has failed to file any transcript within the 90 days allowed by law. The appeal bond of Thomas D. Pryor was filed

March 22, 1912. The petition for writ of error was filed May 27, 1912.

[1, 2] We are of the opinion that it is necessary first to determine the motions to dismiss before coming to the motion to affirm on certificate, because, if this court has no jurisdiction, it has none to affirm on certificate, and we are of the opinion that the motion to dismiss the writ of error should be granted. The writ of error bond is payable to Annie P. Krause alone, and we think it is apparent from our preliminary statement of the record of the case that the statute requiring all parties adversely interested to be made parties to the writ of error has not been complied with. See Weems v. Watson, 91 Tex. 35, 40 S. W. 722. In addition, we are deciding, as will be hereinafter more fully stated, that the transcript filed is the transcript on appeal; therefore, there is no transcript on writ of error, and, if it be that we should not dismiss the writ of error, we would still have to affirm it on certificate. The motion to dismiss the writ of error is sustained, and the writ of error dismissed.

[3, 4] The motion to dismiss the appeal we overrule, because, while it is to our minds doubtful whether Pryor could appeal in his personal capacity and not appeal in his representative capacity, yet the appeal bond of Pryor in his individual capacity is made payable to Pryor in his representative capacity, and therefore Pryor in both capacities is before this court. We agree with counsel for appellee that the indorsement on said transcript is misleading and contradictory, but we do not think that a ground for dismissing the appeal. If anything, it is a ground for affirmance on certificate, which will be adverted to later. The motion to dismiss the appeal is overruled.

[5] The motion to affirm on certificate, being made on the ground that this transcript is the transcript on writ of error and that there has been no transcript filed on the appeal, necessitates a decision of what transcript this is, and in the extraordinary confusion in which counsel for appellants have managed to get their affairs on this appeal it becomes exceedingly difficult to determine this question. As having some bearing on the questions to be determined, we quote the following portions of rules for district and county courts:

"No. 94. It (the transcript) shall conclude with a certificate under the seal of the court that it contains a true copy of all the proceedings in the cause. * * *

"No. 95. The clerk having made a transcript upon the application of either party or his counsel * * * shall deliver it to such party or his counsel when so made out on demand. * * *

"No. 96. The notice of appeal and giving a bond on appeal and the filing of petition and bond for writ of error and the service of citation will be regarded as an application

to the clerk to prepare at once a transcript of the record * * * without further application."

"No. 98. * * * On delivery of it to the party or his counsel * * * he shall in all cases endorse upon it * * · * 'Applied for by ―― on the ――― day of ――― and delivered to ――― on the ――― day of ―――.' " (142 S. W. xxiv).

Rule No. 3 (142 S. W. x), for the Courts of Civil Appeals provides that, if the indorsement shows that it was applied for by one party and delivered to the other, it must be shown by the indorsement of the clerk to entitle it to be properly filed as a transcript by the party to whom it was delivered that it was delivered to one by the consent of the other, and, if it is so filed without that fact being shown, the court may strike the case from the docket as improperly filed, upon its own inspection, or upon motion of the party to whom the transcript belongs. We are of the opinion that the record on file in this case must of necessity be either the transcript on writ of error, or the transcript on appeal. Bearing in mind that the appeal bond was filed prior to the writ of error, that by the rules it is an application for a transcript, that this transcript was made out, that the certificate of the clerk shows it to contain all the proceedings on the trial, that it is indorsed as applied for by Stanton & Weeks, attorneys for appellants, and delivered to Stanton & Weeks, attorneys for appellants, we are of the opinion that it is the transcript on appeal, notwithstanding the fact that the clerk's certificate shows that it contains the proceedings on writ of error and that it has an indorsement showing that it was applied for by F. G. Morris, who appears to be the attorney in the writ of error proceedings. We are of opinion, therefore, that the motion to affirm on certificate should be overruled, and it is so ordered.

[6] The motion as made by appellants to affirm on certificate having been overruled, this court will nevertheless of its own motion strike out said transcript on the ground that it violates the rules of this court in the following particulars: (a) It contains the writ of error proceedings, which were surplusage and should not have been incorporated in it; (b) the certificate of the clerk is to the effect that pages 296 to 298, inclusive, contain the proceedings on appeal, whereas the transcript filed contains 298 pages; (c) the clerk's certificate is misleading, confusing, and not in compliance with the statute, in · that it is not confined to the proceedings had in the case, but attempts to include and incorporate in said transcript writ of error proceedings; (d) the indorsements of the clerk do not comply with the rules, in that they are conflicting, misleading, and confusing, and show that the transcript was applied for by different attorneys, and, although showing that it was delivered to one firm of attorneys, it

is not shown that such delivery was with the consent of the other.

[7] Under the statute, where motion is made to affirm on certificate, if we shall overrule the same, as we have done, we are authorized to allow the appellant to file his transcript upon such terms and conditions as shall seem to us proper. Having stricken this transcript from the docket, we will and do hereby extend appellants time in which to file a transcript for 30 days. If within that time appellants shall file a transcript of the proceedings in this cause, correcting the deficiencies indicated in this opinion and eliminating therefrom the proceedings on writ of error, the cause will be submitted on appeal. If they shall fail to file such corrected transcript within the time allotted, the cause will be affirmed on certificate.

Ordered accordingly.