DUNNAGAN v. EAST TEXAS COLONIZA-
TION & DEVELOPMENT CO. et al.
(No. 261.)

(Court of Civil Appeals of Texas. Beaumont.
Oct. 18, 1917. Rehearing Denied
Nov. 14, 1917.)

1. APPEAL AND ERROR ⬥327(7), 336(1)—PAR-
TIES—WAIVER.

In trespass to try title, where judgment ran for all defendants, including one original defendant and one defendant made a party because it had warranted title to the other defendants, the original and warranting defendants were adversely interested and necessary parties to a writ of error, and the defect could not, under court rule 9 (142 S. W. xi), be waived, except by voluntary appearance of said defendants, the judgment not being severable.

2. APPEAL AND ERROR ⬥336(1)—PARTIES.

When parties adversely interested are not made parties to the writ of error, or petition therefor, the Court of Civil Appeals has no jurisdiction of the case.

3. APPEAL AND ERROR ⬥336(1)—DEFECT IN
PARTIES—WAIVER.

While a motion to dismiss for want of jurisdiction, owing to defect in parties, should be filed within 30 days after the filing of·the transcript, as directed by rule 9 (142 S. W. xi), no waiver results from the failure to so file.

4. APPEAL AND ERROR ⬥395—BOND—AMEND-
MENT.

The court will not dismiss a writ of error for insufficiency of the bond, but will give opportunity to amend.

Error to District Court, Angelina County;
L. D. Guinn, Judge.

Suit by J. A. Dunnagan against the East Texas Colonization & Development Company, W. J. Patterson, and others. Judgment for defendants, and plaintiff brings error, and de-

fendants move to dismiss the writ. Motion sustained and writ dismissed.

T. H. Stone and H. E. Stephenson, both of Houston, for plaintiff in error. Mantooth & Collins, of Lufkin, and Blount & Strong, of Nacogdoches, for defendants in error.

KING, J. This suit was instituted by plaintiff in error, J. A. Dunnagan, in the district court of Angelina county against W. J. Patterson, Hooks & Hayter, composed of S. B. Hayter and ,T. M. Hooks, East Texas Colonization & Development Company, the Angelina Orchard Company, and Rosabella G. Henning, in the form of trespass to try title to 1,874 acres of land. In due time the Angelina County Lumber Company made itself a party defendant under article 7735, Vernon's Sayles' Texas Civil Statutes 1914, which provides:

"When a party is sued for lands, the real owner or warrantor may make himself, or may be made, a party defendant in the suit, and shall be entitled to make such defense as if he had been the original defendant in the action"

—and defended in behalf of its vendees, ·contesting the claim of plaintiff in error to the land. The case was submitted to a jury upon special issues, and judgment was rendered December 7, 1915, in favor of all of the defendants, including the Angelina County Lumber Company. In due time the plaintiff in error filed his motion for a new trial, which was overruled. On December 6, 1916, plaintiff in error filed his application for writ of error to this court. The application states the names and residences of all parties to the suit and the judgment, with the exception of Rosabella G. Henning and the Angelina County Lumber Company, who are not made parties defendant in the application. The transcript was filed in this court on the 27th day of March, 1917. On the 30th day of May, 1917, a motion was filed by the defendants in error, who were made parties by plaintiff in error in his application, to dismiss this ·appeal because plaintiff in error did not in his application state the names and residences of all the parties adversely interested to him in this: That said petition for writ of error failed to state the name and residence of Rosabella G. Henning, a defendant in said cause, and failed to state the name and residence of the Angelina County Lumber Company, a defendant in said cause, alleging that said parties defendant were adversely interested in this cause to· plaintiff in error. Plaintiff in error contests this motion upon the ground that it was not filed as provided by rules 8 and 9 of the Court of Civil Appeals (142 S. W. xi), rule 8 requiring:

"All motions relating to informalities in the manner of bringing a case into the court shall be filed within thirty days after the filing of the transcript in the Court of Civil Appeals, otherwise the objection shall be considered waived if it can be waived by the party"

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

—rule 9 requiring:

"Motions to dismiss for want of jurisdiction to try the case and for such defects as defeat jurisdiction in the particular case and cannot be waived, shall also be made and filed at the same time; provided, however, if made afterwards they may be entertained by the court upon such terms as the court may deem just and proper."

[1] The only question to be determined is whether the defects pointed out in the motion to dismiss defeat the jurisdiction of this court and under the law not subject to waiver. From the pleadings in the case and from the judgment, it appears clearly that Rosabella G. Henning and the Angelina County Lumber Company are adversely interested to plaintiff in error and should therefore have been made parties in the application for writ of error and their names and residences should have been given as provided by statute. Rosabella G. Henning is one of the original defendants in the suit, and no judgment was taken against her. The Angelina County Lumber Company, defending on behalf of its vendees, admits its liability to them in case plaintiff in error should show title to the land, but stoutly contests the claim of plaintiff in error to the land. The judgment concludes as follows:

"Wherefore it is ordered and adjudged by the court that the plaintiff, J. A. Dunnagan, take nothing by his suit herein against the defendants, or any of them, to wit, East Texas Colonization & Development Company, a corporation, W. J. Patterson, Angelina Orchard Company, a corporation, S. B. Hayter, T. M. Hooks, and Rosabella G. Henning, and that all of said defendants recover from said plaintiff their costs in this behalf, for which let execution issue," etc.

Further quoting from the judgment:

"And under the judgment of the court, as above set out, it appearing that the Angelina County Lumber Company made party defendant herein on its warranty of title of said land is not liable by reason of the fact that there was no failure of title. It is the judgment of the court that the other defendants take nothing upon their plea against said Angelina County Lumber Company, because of there being no failure of title warranted by them, and that said company go hence without day and recover its costs in his behalf expended."

The judgment rendered in the district court is an entirety, and the rights of the parties are not severable. This court, therefore, cannot revise it without all the parties adversely interested to plaintiff in error being before it. The questions raised by defendants in error go to the jurisdiction of the court, and cannot be waived except by the voluntary appearance of the parties, Rosabella G. Henning and the Angelina County Lumber Company, which they have not done.

[2, 3] When parties adversely interested are not made parties to the writ of error, or petition therefor, the Court of Civil Appeals has no jurisdiction of the case; and, while a motion to dismiss for want of jurisdiction should be filed within 30 days after the filing of the transcript, as directed by rule 9, no waiver results from the failure to so file. Ferguson v. Beaumont L. &. B. et al., 154 S. W. 303. Plaintiff in error cites Murphy v. Williams, 103 Tex. 155, 124 S. W. 900, as upholding his contention that defendants in error waived their right to urge a dismissal of this appeal, because their motion was not seasonably filed. The extent of the holding of the Supreme Court in that case is that objections to irregularities in the appellate proceedings which do not render them void and entirely defeat the jurisdiction of the appellate court, such as misdescription of the judgment of the trial court in the petition and bond for writ of error in the Court of Civil Appeals, are waived by failure to raise the question in the latter court. It appears that the application in that case for writ of error described the judgment in every particular with the exception of the date of the judgment. The case was heard in the Court of Civil Appeals without objection, and was raised by motion for the first time in the Supreme Court. The Supreme Court held further that the judgment was sufficiently described so as to identify it, and that the motion to dismiss would have been without merit had it been seasonably filed and urged in the Court of Civil Appeals.

It will be borne in mind that this suit was against Rosabella G. Henning together with the other defendants, not only for the land in controversy, but for a large amount of damages as shown by plaintiff's petition, and the judgment not only concludes the rights of the parties with reference to the title to the land, but also with reference to the claim for damages.

[4] With respect to that part of the motion of defendants in error as to the Angelina County Lumber Company and Rosabella G. Henning not being made beneficiaries in the bond, we would not dismiss the case on account of a defective bond, but under the statute would give plaintiff in error the right to amend his bond.

We are of opinion that the failure to make Rosabella G. Henning and the Angelina County Lumber Company parties defendant to the writ of error, as set up in motion of defendants in error, precludes this court from considering this appeal for want of jurisdiction. Article 2088, Vernon's Sayles' Tex. Civ. Stat.; Young v. Russell, 60 Tex. 684; McKnight v. McKnight, 124 S. W. 734; Clark v. Lowe, 58 Tex. Civ. App. 576, 124 S. W. 733; Pryor v. Krause, 150 S. W. 972; Ferguson v. Beaumont L. & B. et al., 154 S. W. 303.

The motion is sustained and the writ of error dismissed.