## CREOSOTED WOOD BLOCK PAVING CO. v. McKAY et al.　(No. 8660.)

(Court of Civil Appeals of Texas. Dallas. Nov. 19, 1921.)

**1. Judgment ⚛⇒526—Pleadings may be considered to determine issues and parties concluded.**

The pleadings will be considered, in connection with the judgment, to determine the issues settled by the judgment and the parties concluded thereby, where the judgment itself is insufficient to disclose issues and parties, though the better practice is for the judgment to be so framed as to disclose in detail each issue determined, and the parties to be affected thereby or whose rights are to be determined by the judgment.

**2. Judgment ⚛⇒497(2)—Defendants presumed properly before court from recital of judgment in absence of direct attack thereon.**

In the absence of a direct attack on a judgment for want of service on certain defendants, and in the absence of record contradicting or questioning accuracy of recital in judgment

that the "cause came regularly on to be heard and thereupon came all parties by attorneys and in open court announced ready for trial," it will be presumed that such defendants were properly before the court, notwithstanding failure of record to disclose that they were served or that they were otherwise properly before the court by acceptance of service or answer duly filed.

**3. Pleading �köcccc274—Office of "supplemental petition" stated.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1824, and district and county court rules Nos. 5 and 12, the office of a supplemental petition is not to make additional parties, or to add something to, or withdraw something from, that which has been previously pleaded, but is to present general exceptions, general denials, and the allegation of new facts not alleged by the plaintiff in reply to those which have been alleged by the defendant.

[Ed. Note.—For other definitions, see Words and Phrases, Supplemental Petition.]

**4. Appeal and error ⊱⊶79(1)—Judgment of foreclosure held final though all defendants were not named.**

In action to foreclose a lien on real estate in which defendants against whom no personal judgment was sought were made parties because opposed to foreclosure, judgment awarding plaintiff certain amount and "all costs of suit" against defendants against whom a personal judgment was sought to be recovered, "but without foreclosure of the lien claimed by plaintiff," *held* final and appealable notwithstanding failure to specifically mention the defendants opposed to foreclosure, since the denial of foreclosure determined all the issues as to such defendants.

**5. Appeal and error ⊱⊶376—Bond of plaintiff appealing from judgment denying foreclosure should be payable to all defendants opposed to foreclosure.**

In action to foreclose a lien on real estate, in which certain defendants were made parties merely because opposed to foreclosure, plaintiff on appeal from judgment awarding plaintiff certain amount from defendants against whom a personal judgment was sought, and denying foreclosure of lien without specifically naming the other defendants, was required to make bond run to such other defendants as well as the defendants against whom the personal judgment was rendered; such other defendants being adversely interested under Vernon's Sayles' Ann. Civ. St. 1914, art. 2097.

**6. Appeal and error ⊱⊶391(1)—Appellant who has filed insufficient bond may file proper bond within a specified period.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2104, appeal will not be dismissed for appellant's failure to make appeal bond payable to all of the parties adversely interested as required by article 2097, but appellant will be given opportunity to file a proper bond within specified period.

Appeal from District Court, Dallas County.

Action by the Creosoted Wood Block Paving Company against A. C. McKay and others. From judgment giving it insufficient relief, plaintiff appeals. On defendants' motion to dismiss appeal. Motion overruled. Plain-

tiff authorized under stated conditions to file amended appeal bond.

See, also, 211 S. W. 822.

George Sergeant, of Dallas, for appellant.
George T. Burgess, of Dallas, for appellees

VAUGHAN, J. This cause originated in the district court of Dallas county, and is now before us on motion by appellees to dismiss the appeal on the ground "that the judgment entered herein is not a final judgment disposing of all parties to the suit below, and that, as shown by the record in this suit, there is no final judgment from which appeal will lie." The judgment appealed from is as follows:

"Creosoted Wood Block Paving Company v. A. C. McKay et ux.

"No. 21589–A.

"Friday, January 14, 1921. Entered as of January 10, 1921.

"On this the 10th day of January, 1921, this cause came regularly on to be heard, and thereupon came all parties by attorneys, and in open court announced ready for trial. And, a jury not being asked for, the matters in controversy of law and of fact were submitted to the court, who, after hearing and duly considering the same, is of the opinion that the defendants, A. C. McKay and wife, Mrs. A. C. McKay, are indebted to the plaintiff, Creosoted Wood Block Paving Company, in the sum of $294.71 principal, $136.62 interest, and $100 attorney's fees, aggregating $531.33, and that the law is for the plaintiff in this respect.

"It is therefore ordered, adjudged, and decreed by the court that the plaintiff, Creosoted Wood Block Paving Company, a corporation, do recover of and from the defendants, A. C. McKay and wife, Mrs. A. C. McKay, individually, jointly, and severally, the full sum of $531.33, with interest thereon from this date at the rate of 7 per cent. per annum, that being the rate stipulated for in the instrument on which this suit is founded, together with all costs of suit, but without foreclosure of the lien claimed by plaintiff, for all of which judgment, interest, and costs let execution issue."

[1] The recitals of the proceedings as contained in the judgment entry are not sufficient to disclose the issues determined and parties before the court. Therefore the pleadings of all parties to the suit will be considered in connection with the judgment as constituting the entire record. It is true the better practice would be for a judgment to be so framed as to disclose in detail each issue determined and, specifically, the parties to be affected thereby or whose rights are to be determined by the judgment of the court. However, in view of the fact that the practice in this country has never been to set forth the pleadings presenting the issues or the evidence introduced on the trial, and by which the rights of the parties litigant are determined in the judgment rendered, so as to disclose the issues presented by the pleadings and the facts on which the judgment may be based, it is necessary to look to the

pleadings in order to determine, not only the questions involved, but also the parties whose rights have been determined.

As said in the case of Hamilton v. Ward, 4 Tex. 356:

"In our practice it has never been required to set out in the judgment itself the facts upon which it is founded. It is sufficient, if they be stated in the petition and ascertained by the judgment. * * * The petition and answer are, in our practice, as much a part of the record as the judgment itself; and it is only by a comparison with the former that the correctness of the latter can be ascertained. * * * Such, it is conceived, is the case in our practice, without distinction between cases at law and in equity." *

In the case of Randon v. Cartwright, 3 Tex. 267, Judge Wheeler, delivering the opinion for the court, quotes approvingly from Story's Eq. Pl. as follows:

"For the purpose of examining all errors of law, * * * the bill, answer, and other proceedings are, in our practice, as much a part of the record before the court as the decree itself; for it is only by comparison with the former that the correctness of the latter can be ascertained."

The above authorities fully justify us in considering the pleadings of the parties to this suit in connection with the judgment rendered in order to determine the issues settled by the judgment as well as the parties concluded thereby.

The original petition was filed against A. C. McKay and Mrs. A. C. McKay as original defendants on December 13, 1915, the appellant as plaintiff in said petition claiming an indebtedness against A. C. McKay and Mrs. A. C. McKay on account of a certain certificate of special assessment and the existence of a lien on certain real estate described in said petition, and on which foreclosure was sought. On the 14th day of July, 1916, appellant filed its first supplemental petition seeking to make the Investors' Mortgage Security Company, Limited, and Maco Stewart parties defendant; and on the 29th day of November, 1919, appellant filed its second supplemental petition, seeking to make Seymour Wagner a party defendant.

The original defendants, A. C. McKay and wife, Mrs. A. C. McKay, filed answer to original petition January 3, 1916, and amended their said original answer by first amended original answer filed April 15, 1918.

The Investors' Mortgage Security Company, Limited, filed original answer September 25, 1916, and first amended original answer April 15, 1918.

[2] The record fails to disclose the service of citation on the other defendants, Seymour Wagner and Maco Stewart, or that they were otherwise properly before the court by acceptance of service or answer duly filed. The judgment rendered in said cause contains the following recital:

"On this, the 10th day of January, 1921, this cause came regularly on to be heard, and thereupon came all parties by attorneys and in open court announced ready for trial."

And, there being nothing in the record to contradict or question the accuracy of said recital, we are to assume that all parties named in the pleadings were properly before the court, including Seymour Wagner and Maco Stewart. In the absence of a direct attack on the judgment for the want of service on Stewart and Wagner, we are authorized to hold that the above recital is sufficient to show affirmatively that the court had acquired jurisdiction by proper service of citation on appellees Wagner and Stewart. Davis v. Robinson, 70 Tex. 394, 7 S. W. 749; Martin v. Burns, 80 Tex. 676, 16 S. W. 1072; Gallagher v. Teuscher & Co., 186 S. W. 409.

[3] Although no question is raised in reference to the manner in which appellant sought to make additional parties defendant by supplemental petition, we are constrained, nevertheless, in the interest of proper practice, to call attention to the fact that the office of a supplemental petition is not to make additional parties, "add something to, or withdraw something from, that which has been previously pleaded," but the office of a supplemental petition is to present general exceptions, general denials, and the allegation of new facts not before alleged by the plaintiff in reply to those which have been alleged by the defendant. See Rules 5 and 12 for the District and County Courts; article 1824, Vernon's Sayles' Civ. Statutes 1914; Jolley v. Oliver, 106 S. W. 1151; Williams v. Huling, 43 Tex. 113.

The pleadings of all parties as disclosed by the record involve the following issues:

(a) The claim of appellant to recover against A. C. McKay and wife, Mrs. A. C. McKay, an indebtedness in the sum of $531.33.

(b) The right to foreclose the lien asserted by appellant against A. C. McKay and wife, Mrs. A. C. McKay, the Investors' Mortgage Security Company, Limited, a private corporation, etc., Maco Stewart and Seymour Wagner, on the real estate described in appellant's petition; said issues involving, and applicable to, all of the parties to the suit as above set forth, and being all of the issues presented by the pleadings in said cause, the defendants claiming no affirmative relief against appellant or as against one another.

The judgment disposed of the issues, as follows:

(c) As to the indebtedness claimed in favor of the plaintiff, Creosoted Wood Block Paving Company, for the sum of $531.33 against the defendants A. C. McKay and Mrs. A. C. McKay.

(d) As to the lien sought to be foreclosed on the real estate, adversely to appellant and in favor of all other parties' to the suit above

named. The judgment disposes of this issue as follows: "But without foreclosure of the lien claimed by plaintiff."

This is an absolute finding adversely to appellant and in favor of all the other parties to the suit on the issue presenting the existence of and the right to foreclose the lien asserted by appellant as against any of the parties defendant to said litigation.

(e) All costs of the trial court were adjudged in favor of appellant and against appellees A. C. McKay and wife, Mrs. A. C. McKay. The judgment in this respect being as follows:

"It is therefore ordered, adjudged, and decreed by the court that the plaintiff, Creosoted Wood Block Paving Company, a corporation, do recover of and from the defendants A. C. McKay and wife, Mrs. A. C. McKay, individually, jointly, and severally, * * * all costs of suit * * * for all of which * * * costs let execution issue."

The above disposition of the costs, whether properly made or not under the law, we are not called upon to consider. The judgment having thus awarded the costs, we must accept same as a final disposition of such issue in the absence of proceedings questioning the validity of the judgment rendered in reference thereto.

[4] Construing the judgment in connection with all of the pleadings filed by the parties on which said judgment was rendered, we must conclude that the judgment is final, in that it disposes of all matters in controversy between the parties to said litigation, and that all of the parties interested therein, although not specifically named in the judgment, are nevertheless as much precluded by the terms of same as if specifically named in connection with the portion of the decree operating upon their respective rights.

In the case of Scott v. Burton, 6 Tex. 322, 55 Am. Dec. 782, Judge Hemphill, speaking for the court in disposing of a similar question, held as follows:

"The form of the judgment is immaterial, but in substance it must show intrinsically and distinctly, and not inferentially, that the matters in the record had been determined in favor of one of the litigants, or that the rights of the parties, in litigation, had been adjudicated."

In Cannon v. Hemphill, 7 Tex. 184, it is held:

"The character of a judgment must be tested by its operation on the objects sought to be attained by the proceeding. If the cause be determined on its merits; if the rights, controverted between the parties, be settled, the decree will be final, although ulterior proceedings, to carry the judgment into effect, may be required."

The following authorities support the doctrine above announced and may be consulted with much profit:

Shannon v. Taylor, 16 Tex. 413, at page 419; Patrick v. Gibbs, 17 Tex. 275, at page 279. In last case the court uses the following language:

"Looking to the whole record [which includes the pleadings of parties and judgment rendered in the cause], it is perfectly clear that the decree is a final adjudication of the whole matter in litigation between the parties."

Redus v. Burnett, 59 Tex. 576; White v. Mitchell, 60 Tex. 164; McFarland v. Hall, 17 Tex. 676, at page 690, from which we quote as follows:

"The principal question upon this appeal is whether the decree of the 12th of October, 1854, was final and conclusive of the matters therein adjudicated. It certainly determined all the issues of fact raised by the pleadings; it distinctly ascertained and adjudicated the rights of the parties, and settled definitely their respective interests in the subject matter of the suit. It put an end to all matter in litigation in the case."

We believe that the decree in the cause under consideration comes fairly within the principles stated by Judge Wheeler in upholding the judgment which was under consideration in the case of McFarland v. Hall, supra. Beene v. National Liquor Co., 189 S. W. 86.

[5] Accordingly we are constrained to overrule appellees' motion to dismiss the appeal in his cause. Holding as we do in overruling motion to dismiss that the judgment is final and operates against the appellant to dispose of all issues raised as hereinabove set out, and that the Investors' Mortgage Security Company, Limited, a corporation, Maco Stewart, and Seymour Wagner were parties defendant to the proceedings in the court below, the appeal bond executed by appellant in this cause should have been made payable to all of the parties to said suit adversely interested to appellant, which of a necessity would have included the Investors' Mortgage Security Company, Limited, Maco Stewart, and Seymour Wagner. Article 2097, Vernon's Sayles' Texas Civil Statutes 1914.

The bond must be payable to every party to the judgment whose interest is adverse to that of the appellant, although the judgment may not in whole or in part be in favor of such party. Young v. Russell, 60 Tex. 684; Greenwade v. Smith, 57 Tex. 195; Harvey v. Cummings, 62 Tex. 186.

[6] However, in view of article 2104, Vernon's Sayles' Texas Civil Statutes, which confers upon an appellant the right to amend an appeal bond defective in form or in substance by filing a new bond on such terms as the court may prescribe, and the construction placed upon said article 2104 by the following cases: Oliver v. Lone Star Cotton Jammers' & Longshoremen's Ass'n, 136 S. W. 508; Kolp v. Shrader, 168 S. W. 464; Crawford v.

Wellington R. R. Committee, 174 S. W. 1004— we believe it our duty not to enter an order dismissing the appeal for want of pro·::r bond at this time, but, to the contrary, that we should give the appellant an opportunity, under terms imposed, to file an amended bond in compliance with the requirements of article 2097. Appellant is therefore accordingly authorized to file bond on the following terms: Such bond to be filed within 30 days from this date and all costs incurred in this court in said cause, up to and including the filing of such amended bond, to be paid by appellant; otherwise this cause will be dismissed for the want of proper appeal bond.

Motion to dismiss refused and overruled. Appellant authorized under conditions imposed to file amended appeal bond in compliance with the law.