### CALVERT et al. v. BENNETT et al.*
### (No. 2684.)

(Court of Civil Appeals of Texas. Amarillo. May 12, 1926. Rehearing Denied June 30, 1926.)

**1. Evidence ⬳82—Judgment of district court, based on suit in another district court, will be presumed regular, though suit was not shown to have been transferred (Rev. St. 1925, art. 2092, subds. 21, 24).**

Nunc pro tunc judgment, entered on motion of plaintiff, based on judgment in suit in another district court, will be presumed valid, under Rev. St. 1925, art. 2092, subds. 21, 24, in absence of anything in record to contrary, though suit was not shown to have been transferred.

**2. Appeal and error ⬳190(1).**

Objections to sufficiency of attachment bond are too late when urged for first time in appellate court.

**3. Attachment ⬳276.**

Even though attachment proceeding is quashed by trial court because bond for attachment is void, validity of replevy bond and liability of sureties on it will not be affected, in view of Rev. St. 1925, art. 303.

**4. Attachment ⬳339.**

Where judgment is rendered against defendants in attachment, judgment against sureties on replevy bond to secure release of property attached is properly rendered at same time for amount of debt, without further notice to sureties.

**5. Attachment ⬳333.**

Where officer levying attachment made no estimate of value of attached property, replevy bond to secure release of property will be taken to have been given in double amount of plaintiffs' debt.

**6. Attachment ⬳353.**

In absence of evidence that value of attached property was less than plaintiffs' debt, judgment against sureties on replevy bond to secure release of property for amount of judgment, interest, and costs against defendant, is correct, in view of Rev. St. 1925, art. 302.

**7. Attachment ⬳277, 333.**

Defendants in attachment and sureties on replevy bond to secure release of property are estopped by filing of bond to contend that attached property did not belong to defendants.

Appeal from District Court, Wichita County; Guy Rogers, Judge.

Action by L. I. Bennett and another against J. J. Holcomb and another, in which defendants procured release of attached property by executing a replevy bond with William Calvert and another as sureties. Judgment for plaintiff, and the sureties appeal. Affirmed.

Engelking & Dotson, of Electra, for appellants.

Kilgore, Montgomery & Carrigan, of Wichita Falls, for appellees.

HALL, C. J. L. I. Bennett and M. S. Bennett doing business under the trade-name of K. M. A. Fuel Oil Company, sued J. J. Holcomb and Otto Elder in the Thirtieth district court of Wichita county to recover the sum of $890.40, alleged to be due them for fuel oil sold and delivered to the defendants.

At the time of filing suit, they sued out a writ of attachment upon the ground that defendants were about to dispose of their property with the intent to defraud their creditors. The writ was levied by a constable of Young county upon a drilling rig and machinery, and upon certain oil and gas leases in Young county then in possession of the defendants. Citation was duly issued and served on both of the defendants. Thereafter, on the 17th day of December, 1923, the defendants executed a replevy bond with appellants William Calvert and C. P. Birk as sureties. The bond was approved by the constable of Young county, who had levied the attachment, and the property was released to the defendants Holcomb and Elder.

January 24, 1925, the Bennetts filed a motion in the Seventy-Eighth district court of Wichita county, which recites that the case of L. I. and M. S. Bennett against Holcomb and others, numbered 15105–B, had been tried on the 18th day of June, 1924, resulting in a judgment in favor of plaintiffs against the defendants Holcomb and Elder for the sum of $890.40, and against Calvert and Birk on the replevy bond for said amount; that said judgment had not been entered of record;

---

and they prayed that it be entered nunc pro tunc.

The defendants and the sureties on the replevy bond appeared and answered said motion, and contested the same as far as it applied to Calvert and Birk. September 26, 1925, the motion was heard by the judge of the Seventy-Eighth district court, and judgment was entered nunc pro tunc against the defendants, and also against the appellants as sureties on the replevy bond, with interest from January 1, 1924, at the rate of 6 per cent. per annum. From this judgment Calvert and Birk have appealed, and filed a supersedeas bond.

[1] The appellees have not favored us with a brief. Appellants' first contention is that the judge of the Seventy-Eighth district court had no jurisdiction to enter judgment nunc pro tunc, because the suit was filed in the Thirtieth district court and had not been transferred to the Seventy-Eighth district court by an order of the Thirtieth district court. No authorities are cited to sustain this proposition, and, in the absence of anything in the record to the contrary, we must presume, under R. S. 1925, art. 2092, subds. 21 and 24, in support of the action of the Seventy-Eighth district court, that the judge thereof had jurisdiction to enter the judgment.

[2-4] The bond for attachment contained this recital:

"And that they will pay all such damages and costs as shall be adjudged against * * * for wrongfully suing out such attachment."

And the appellants insist that, because the word "them" was not written in the blank following the word "against," the attachment proceeding is void, and no judgment could be entered against the sureties on the replevy bond because of this defect in the bond. A judgment had been legally entered against the defendants upon process duly served. The condition in the replevy bond is that, should the defendants be condemned in said cause, they will satisfy the judgment which may be rendered therein, or shall pay the estimated value of the property, with lawful interest thereon from the date of the bond.

So far as the record shows, there was no effort on the part of any one in either district court to quash the attachment proceedings. Objections to the sufficiency of the attachment bond come too late, when urged in this court for the first time. Even if the attachment proceedings had been quashed by the trial court, it would not have affected the validity of the replevy bond, nor the appellants' liability upon it. R. S. 1925, art. 303. Judgment was rendered against the defendants in attachment, and it was proper to render judgment against the sureties on the replevy bond at the same time for the amount of the debt, without any further notice to said sureties. Clayton v. Stephenson (Tex. Civ. App.) 254 S. W. 507; Tripplett v. Hendricks (Tex. Civ. App.) 212 S. W. 754; Vogt v. Dorsey, 85 Tex. 90, 19 S. W. 1033; Rosser v. Hale (Tex. Civ. App.) 235 S. W. 968.

[5, 6] The officer who levied the writ of attachment made no estimate of the value of the attached property, and the replevy bond must be taken to have been given in double the amount of the plaintiffs' debt. In the absence of any evidence showing that the value of the attached property was less than the amount of the plaintiffs' debt, the court correctly entered judgment against the sureties on the replevy bond for the amount of the judgment, interest, and costs against the defendants. R. S. 1925, art. 302.

[7] The appellants further contend that no judgment should have been entered against them, for the reason that the evidence showed that part of the property levied upon by the writ of attachment did not belong to the defendants in attachment. This contention must be overruled. By filing the replevy bond, the defendants, in effect, asserted that they were the owners of the property taken under the writ, and, by filing the bond, secured the release of the property from the custody of the law. Neither the defendants nor the sureties upon their replevy bond will be heard to contend that the property did not in fact belong to the defendants. They are not only estopped by the filing of the bond, but to do so would be assuming an inconsistent position from that originally taken when the bond was filed. Griswold v. Tarbell (Tex. Civ. App.) 242 S. W. 325; Amarillo National Bank v. Sanborn (Tex. Civ. App.) 169 S. W. 1075; Sellers v. Puckett (Tex. Civ. App.) 180 S. W. 639; Seinsheimer v. Flanagan, 17 Tex. Civ. App. 427, 44 S. W. 30; Davis v. McFall (Tex. Civ. App.) 168 S. W. 453.

We find no reversible error, and the judgment is affirmed.