## ELDER MFG. CO. v. THE LEADER, Inc.
### No. 7399.

Court of Civil Appeals of Texas. Austin.
Dec. 4, 1929.

Rehearing Denied in Part Jan. 8, 1930. Rehearing Overruled in Part Jan. 29, 1930. Second Rehearing Overruled Jan. 29, 1930.

Carter & Berwald and Elihu E. Berwald, all of Dallas, for appellant.

Amgus G. Wynne, of Kaufman, for appellee.

BLAIR, J.

Appellant sued appellee, The Leader, Inc., and The Kemp-Leader, Inc., alleged to be one and the same, for debt; and caused a writ of attachment to be levied upon personal property belonging to appellee of the value of $300, which appellee replevied with Wil-

liam Goldstein and H. W. Haynie as sureties on the replevy bond. Judgment was for appellant against appellee for $332.85, with 6 per cent. interest from date; but, on motion of William Goldstein, one of the sureties on the replevy bond, the affidavit and bond in attachment were quashed, because, after being filed, and after the writ issued against "The Leader, Inc.," appellant's agent changed them to read against "The Leader, Inc.," instead of "The Kemp-Leader, Inc.," as originally filed, and appellant was denied a recovery against the sureties on the replevy bond; hence this appeal.

■ The affidavit and bond were erroneously quashed because:

(a) The alterations or changes in the affidavit and bond were immaterial, and did not affect the liability of the parties thereto, nor the terms of the instruments. The Leader, Inc., and the Kemp-Leader, Inc., were alleged to be one and the same, and the replevy bond recites that, "whereas, by virtue of a writ of attachment, issued against The Leader, Incorporated, * * * Now, therefore, we, Kemp-Leader, Incorporated, doing business as The Leader, as principal, etc." Thus all parties are shown to have used the names interchangeably and as meaning the same party or parties, and the liability under the affidavit and bond in attachment remained the same after as before the alterations or changes.

It is well settled that an alteration or change not affecting the liability of the parties or the terms of an instrument does not render it void. Reed v. Roark, 14 Tex. 329, 65 Am. Dec. 127; Park v. Glover, 23 Tex. 469; Citizens' Cotton Oil Co. v. Elliott (Tex. Civ. App.) 294 S. W. 654; Texas Jurisprudence, vol. 2, p. 694, § 3; 2 C. J. 1173, § 2. Analogous to this principle are those cases holding that misnomers in citations or other instruments which cannot mislead are immaterial. Western Bank & Trust Co. v. Ogden, 42 Tex. Civ. App. 465, 93 S. W. 1102; Houston Land & Loan Co. v. Danley (Tex. Civ. App.) 131 S. W. 1143; Arcola Sugar Mills Co. v. Doherty (Tex. Civ. App.) 254 S. W. 650.

■ (b) The sureties having used the names of "The Leader, Incorporated," and the "Kemp-Leader, Incorporated," interchangeably, and as being one and the same party or parties in the replevy bond itself, are estopped to assert that appellant had no right to so use the names interchangeably and as meaning one and the same party or parties

in other proceedings in the case. Calvert v. Bennett (Tex. Civ. App.) 286 S. W. 303; Sellers v. Puckett (Tex. Civ. App.) 180 S. W. 639; Amarillo Nat. Bank v. Sanborn (Tex. Civ. App.) 169 S. W. 1075. This is under the rule that, where a party in a judicial proceeding assumes a position, he is estopped to assume another position inconsistent therewith, to the prejudice of his adversary.

■ (c) A surety on a replevy bond has no right to attack the validity of the affidavit and bond in attachment and under which the property replevied was attached; but that right is given exclusively to the defendant. By signing a replevy bond, the surety does not make himself such a party to the suit out of which the attachment under which the property replevied was issued as to authorize him to carry on the proceedings of the suit. Goodbar v. Bank, 78 Tex. 461, 14 S. W. 851; Roos v. Lewyn, 5 Tex. Civ. App. 593, 23 S. W. 450, 24 S. W. 538; Hart v. Jopling (Tex. Civ. App.) 146 S. W. 1075; Calvert v. Bennett (Tex. Civ. App.) 286 S. W. 303.

We therefore reverse the judgment of the trial court, and here render judgment for appellant against the sureties on the replevy bond for the full amount of the judgment rendered in favor of appellant against appellee; the sureties having undertaken by the replevy bond to "satisfy the judgment rendered" in that cause.

Reversed and rendered.

### On Motion for Rehearing.

■ On motion for a rehearing, the appellee calls our attention, for the first time, to the fact that the sureties on the replevy bond, and against whom we rendered judgment in this cause, were not named obligees in the appeal bond, and moves the court to set aside the judgment and to dismiss the appeal.

We overrule the motion to set aside the judgment and to dismiss the appeal, and give appellant twenty days from and after January 8, 1930, in which to amend its appeal bond by filing in this court a new bond, payable to the appellee, The Leader, Inc., and the sureties on the replevy bond. Article 1840, R. S. 1925; First Nat. Bank v. Preston Nat. Bank, 85 Tex. 560, 22 S. W. 579; Creosoted Wood Block Paving Co. v. McKay (Tex. Civ. App.) 234 S. W. 587; Dunnagan v. East Tex. Colonization & Development Co. (Tex. Civ. App.) 198 S. W. 357; 3 Tex. Jurisprudence, 336, 337, § 231.

Motion overruled.