### TEAS v. SWEARINGEN et al.
No. 12790.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 8, 1937.

Rehearing Denied Jan. 16, 1937.

Dickson & Huck, of San Antonio, and Eugene O. Monnet, of Tulsa, Okl., for appellants.

Swearingen & Miller, of San Antonio. for appellee.

SMITH, Chief Justice.

In this action, relator Teas recovered judgment against Floboots Corporation and Plateau Oil Company for $35,000, which amount was on deposit, to the credit of F. R. Williams and Vernon F. Taylor, in the National Bank of Commerce of San Antonio, apparently under some sort of escrow agreement, the full nature of which is not disclosed in the record so far filed in this court. That amount so on deposit was by the decree made a primary fund for the payment of said judgment.

Respondents assume, in their reply to the motion, that Williams, Taylor, and the bank were mere stakeholders, but the record before us does not disclose their true relation to the litigation, although the judgment discloses that they were concluded. The judgment awards recovery to the bank for $250 of the fund in dispute.

It further appears from the judgment that Helmerich & Payne, Inc., and Peerless Oil & Gas Company recovered of Teas the sums of $20,939 and $9,403.40, respectively, to be paid out of said fund of $35,-000, leaving a net balance of $4,407.24 to be paid out of said fund to Teas, after deducting $250 to be paid to the bank.

Floboots Corporation, Plateau Oil Company, and Peerless Oil & Gas Company gave notice of appeal, but the Peerless Company did not perfect its appeal. On the other hand, Floboots Corporation and Plateau Oil Company perfected their appeal by filing an appeal supersedeas bond, in double the amount of the judgment in favor of Teas against them, the bond being executed by them as principals, and by Peerless Oil & Gas Company and Vernon F. Taylor as sureties, and payable to Teas, and Helmerich & Payne, Inc., only. Specifically it was not made payable to Peerless Oil & Gas Company, the bank, Williams, or Taylor. It was recited in the bond that appellants "desire to take an appeal from said judgment, insofar as it awards recovery in favor of said Paul C. Teas and Helmerich & Payne, Inc., against the Floboots Corporation and Plateau Oil Company and directs payments out of said escrowed fund to Helmerich & Payne, Inc. and Paul C. Teas."

Relator, Teas, has moved to quash said bond, upon several grounds. It is first contended that Peerless Oil & Gas Company is a necessary obligee in the bond. We sustain the contention, upon the conclusion that Peerless Oil & Gas Company has rights under the judgment in favor of Teas that would be adversely affected by a successful appeal attacking that judgment, and that, therefore, the Peerless Company should be named as an obligee in the bond upon which appellants base their appeal from that judgment. The ultimate object of the suit, or, at least, the effect of the judgment, is to establish the respective rights of the parties to the fund on deposit in the bank. The whole fund was by the judgment awarded to Teas, but, by a species of judgments over, Helmerich & Payne, Inc., Peerless Company, and the bank were each awarded judgment for a specific amount against Teas, with directions that said amounts be paid out of the impounded fund, and credited upon the judgments over against Teas, and that the remainder of the fund be paid directly to Teas, thus settling the rights and establishing and providing for satisfaction of the respective claims of the several parties named, out of the primary fund. The several subsidiary decrees, each based upon the general judgment in favor of Teas, were interdependent, and an attack upon that general judgment subjecting the fund to distribution is an attack upon each and every subsidiary decree in favor of the several distributees, including the Peerless Company. By that process the Peerless Oil & Gas Company has an interest in the judgment of Teas against appellants the Floboots and Plateau Companies, and is therefore interested in upholding that judgment against the contentions of appellants. To that very substantial extent, then, the interest of appellee Peerless Oil & Gas Company is adverse to the interest of appellants, and Peerless Oil & Gas Company is therefore a necessary obligee in the appeal and supersedeas bond. Young v. Russell, 60 Tex. 684; Greenwade v. Smith, 57 Tex. 195; Meade v. Bartlett, 77 Tex. 366, 14 S.W. 388; Bauer v. Adkins (Tex.

336

Civ.App.) 28 S.W. 1009; Terry v. Cutler (Tex.Civ.App.) 21 S.W. 726.

For like reasons, the bank is a necessary obligee in said bond. The bank has judgment over against Teas, or against the impounded fund, for $250, and is necessarily interested in seeing that the judgment (which is dependent upon the main judgment in favor of Teas) is affirmed, whereas, appellants are seeking by their appeal to destroy that judgment.

The record before us does not disclose the relation of Williams and Taylor to this litigation, and we are therefore unable to determine if they are necessary obligees in the appeal bond. The conclusion we have stated above, that Peerless Oil & Gas Company is a necessary obligee in the bond, renders it unnecessary to pass upon relator's other objections to the bond.

We sustain relator's objections to the bond, in the particulars stated. But those objections may be cured by substitution. First Nat. Bank v. Preston Bank, 85 Tex. 560, 22 S.W. 579; Appel v. Childress, 53 Tex.Civ.App. 607, 116 S.W. 129.

Accordingly, respondents will be allowed ten days in which to file a proper bond, duly approved by the clerk of this court, in lieu of the bond here condemned; in default of which the motion to quash will be granted, and the appeal dismissed.

 Relator has further moved for an original injunction out of this court to restrain Peerless Oil & Gas Company from procuring issuance of writs of garnishment to debtors of relator other than parties to this suit. It is alleged, in support of the relief sought, that the Peerless Company, its agents and attorneys, have sought and procured writs of garnishment upon two strangers to this suit, who are alleged to be in debt to Teas, the applications for the writs being based upon the judgment obtained by Peerless Company against Teas in this case. It is further alleged by relator that the Peerless Company is threatening to institute similar garnishment proceedings and impound funds belonging to relator in the hands of others. It is alleged that by such garnishment proceedings respondents are tying up funds owing to and collectible by Teas, by reason of which he will be prevented from paying other obligations, and thereby seriously injure him in his business operations. Without a hearing, this court granted a temporary writ of injunction, as prayed for, pending further orders. Respondents have answered, denying under oath that they have threatened, or intend, to procure other or further writs of garnishment or other extraordinary process to enforce collection of the judgment of the Peerless Company against Teas, and pray for dissolution of the injunction. Aside from expressing grave doubt of the original jurisdiction of this court over the garnishment proceedings, and of its power to restrain respondents from pursuing the remedy of garnishment in the premises, it seems we can do no more nor less than dissolve the injunction previously issued, in view of respondents' denial of any intention to institute further garnishment proceedings.

Relator's motion to quash will be overruled, subject to the filing of a proper and duly approved bond by appellants within ten days from the delivery of this opinion, in default of which the motion will be granted and the appeal dismissed. The injunction heretofore issued will be dissolved.

Motion to quash conditionally overruled; injunction dissolved.